THE STATE, EX REL. WILLIAMS, DIR., *v.* CITY OF CANTON ET AL.

[Cite as State, ex rel. Williams, v. Canton (1977), 51 Ohio St. 2d 81.]

(No. 76-1137—Decided July 13, 1977.)

82

*Mr. William J. Brown,* attorney general, and *Mr. Bruce E. Cryder,* for relator.

*Mr. Harry E. Klide,* city solicitor, and *Mr. William J. Hamann,* for respondents.

*Per Curiam.* In *Canton* v. *Whitman* (1975), 44 Ohio St. 2d 62, 337 N. E. 2d 766, certiorari denied 425 U. S. 956 (1976), the city of Canton, respondent herein, had refused to fluoridate its water, and the issue was whether the state might order it to do so. Therein, this court upheld the July 1, 1974, order of the then-Director of Environmental Protection, directing the municipality to begin fluoridating its water within 30 days.

Relator contends that a peremptory writ of mandamus should issue today because his right to command the execution of the act as requested in his application for the writ is plain, and no legitimate excuse can be given for nonperformance. He asserts further that if a peremptory writ of mandamus does not issue in the first instance, such extraordinary circumstances obtain in the instant cause that an alternative writ of mandamus should issue. Relator identifies these extraordinary circumstances as: (1) The indisputable nature of the facts, (2) the plain legal duty imposed by statute and administrative order upon the respondents, (3) the fact that the order already has been appealed through the United States Supreme Court, and (4) the fact that the public health is involved.

This court has held that before a writ of mandamus will be granted by the Supreme Court, under its constitutional powers as contained in Section 2 of Article IV of the

Constitution of Ohio,[1] a clear legal right thereto must be demonstrated. The burden of establishing such right is upon the relator and the writ ordinarily will be refused unless the relator shows affirmatively that he has no plain and adequate remedy in the ordinary course of the law. *State, ex rel. Libbey-Owens-Ford Glass Co.,* v. *Indus. Comm.* (1954), 162 Ohio St. 302, 123 N. E. 2d 23 (paragraphs one and two of the syllabus). See *State, ex rel. Schafer,* v. *Citizens National Bank* (1959), 168 Ohio St. 535, 536, 156 N. E. 2d 747; *State, ex rel. Lorain County Savings & Trust Co.,* v. *Bd. of County Commrs.* (1960), 171 Ohio St. 306, 308, 170 N. E. 2d 733; *State, ex rel. Grant,* v. *Kiefaber* (1960), 171 Ohio St. 326, 327, 170 N. E. 2d 848; *State, ex rel. Tempero,* v. *Colopy* (1962), 173 Ohio St. 122, 123, 180 N. E. 2d 273; *State, ex rel. Roger J. Au & Son, Inc.,* v. *Studebaker* (1963), 175 Ohio St. 222, 193 N. E. 2d 84; *Edwards* v. *Court of Common Pleas* (1963), 175 Ohio St. 251, 252, 193 N. E. 2d 393; *State, ex rel. Vitoratos,* v. *Whiddon* (1965), 3 Ohio St. 2d 52, 209 N. E. 2d 171; *State, ex rel. Smith,* v. *Hoffman* (1965), 3 Ohio St. 2d 95, 209 N. E. 2d 214; *State, ex rel. Central Service Station,* v. *Masheter* (1966), 7 Ohio St. 2d 1, 218 N. E. 2d 177; *State, ex rel. Sibarco Corp.,* v. *Berea* (1966), 7 Ohio St. 2d 85, 218 N. E. 2d 428 (paragraph one of the syllabus); *State, ex rel. Kay,* v. *Cleveland* (1971), 27 Ohio St. 2d 37, 39, 271 N. E. 2d 784.

Relator himself notes his potential remedy available through R. C. 6111.30,[2] authorizing common pleas courts

---

[1] R. C. 2731.05 provides:

"The writ of mandamus must not be issued when there is a plain and adequate remedy in the ordinary course of the law."

"This court and the Courts of Appeals have original jurisdiction in mandamus by virtue of Sections 2 and 6, respectively, of Article IV of the Ohio Constitution. Section 2731.05, Revised Code, cannot limit this court and the Courts of Appeals in issuing a writ of mandamus under their constitutional jurisdiction." *State, ex rel. Sibarco Corp.,* v. *Hicks* (1964), 177 Ohio St. 81, 82, 202 N. E. 2d 615.

[2] R. C. 6111.30 provides, in relevant part:

"If a legislative authority, a department, or an officer of a municipal corporation, or a person in charge of a public institution, or other person

to levy $10,000 fines upon officers of municipal corporations who refuse to comply with orders issued pursuant to R. C. 6111.13[3] to fluordidate. However, he denies that R. C. 6111.-30 provides an effective means of obtaining the enforcement of his order in the instant cause. We are not persuaded by his argument.

In the recent case of *Cincinnati, ex rel. Crotty,* v. *Cincinnati* (1977), 50 Ohio St. 2d 27, 361 N. E. 2d 1340, this court assessed a controversy wherein Cincinnati taxpayers and water users filed a complaint in the Court of Common Pleas alleging that the contemplated addition of fluoride into the municipal drinking water would be contrary to those taxpayers' and water users' constitutional rights. As was noted in that case, under R. C. 6111.12 the correct procedure for claims that a public water supply is impure is by complaint to the Environmental Protection Agency. Under R. C. 3745.04, an appeal from an order vacating an action of the Director of Environmental Protection might be brought before the Environmental Board of Review, and the Board has exclusive original jurisdiction

---

fails for a period of thirty days, after notice given him or them by the director of environmental protection of his findings and order, to perform any act required of it by Sections 6111.12 to 6111.30 of the Revised Code, relating to public water supply, the members of such legislative authority or department, or such officer or person shall be personally liable for such default, and shall forfeit ten thousand dollars to be paid into the state treasury to the credit of the general revenue fund. Such findings and order of the director, unless complied with within the time provided in this section, shall be prima-facie evidence in any court of law of the existence of a public nuisance detrimental to health or comfort, or of the pollution of the source of a public water supply."

[3]R. C. 6111.13 provides, in relevant part:

"The environmental protection agency shall investigate the public water supplies throughout the state as frequently as is deemed necessary by the agency, and whenever requested to do so by the local health officials, and may adopt and enforce orders and regulations governing the construction, operation, and maintenance of such public water supply and water-works systems, and may require the submission of records of construction, operation, and maintenance, including plans and descriptions of existing works."

over any matter which correctly might be brought before it. *Crotty,* at page 30, held that the statutory scheme for review of actions by the Director of Environmental Protection is exclusive, and that a common pleas court lacks jurisdiction over such a complaint.

It is entirely consistent with *Crotty* for us to hold that the state, before its writ of mandamus will be granted, must establish its clear legal right thereto, showing affirmatively that it lacks a plain and adequate remedy in the ordinary course of the law. On facts such as obtain in the instant cause, mandamus may not be used as a substitute for what appears to be an adequate remedy available to relator.

In light of all of the foregoing, the writ prayed for is denied.

*Writ denied.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ. concur.