**The STATE ex rel. WILLBOND**

v.

**OBERLIN SCHOOL DISTRICT, OBERLIN BOARD OF EDUCATION.**

[Cite as *State ex rel. Willbond v. Oberlin School Dist.,
Oberlin Bd. of Edn.* (1994), 94 Ohio App.3d 419.]

Court of Appeals of Ohio,
Lorain County.

93CA005620.

Decided April 20, 1994.

*Nwabueze V. Okocha,* for relator.

*Timothy Sheeran* and *Daniel Jaffe,* for respondents.

COOK, Judge.

Margaret Willbond ("Willbond") is employed by the Oberlin School District as Supervisor of Transportation. Willbond brought a mandamus action against the Oberlin School District, Oberlin Board of Education ("board"), Jane R. Jonesco, Stephen Koos, Judy M. Emerich, Kevin J. Weidenbaum, Caroline M. Wolfe, Charles M. Edelsberg, and James K. Davis (collectively "respondents"), seeking renewal of her three-year contract, back wages because her compensation had been illegally reduced, and contribution to the retirement fund ("pickup"). This case is presently before this court for determination of summary judgment as both Willbond and respondents have moved for summary judgment.

## I. BACKGROUND

Willbond began her employment with Oberlin School District in 1966, as a school bus driver. In July 1979, the board appointed Willbond to the position of Supervisor of Transportation. That contract provided that Willbond would work two hundred sixty days and receive fifteen days' vacation. A later contract provided that Willbond would work two hundred forty-five days and receive fifteen days' vacation. Willbond's workdays were reduced in the 1983–1984 school year to two hundred nineteen. Finally, it is undisputed that by 1985, the board no longer granted Willbond vacation days. The board never paid Willbond's contributions to the State Employees Retirement System ("SERS") and paid Willbond as a salaried employee. Her salary for the 1979–1980 school year was $10,000. Her salary has increased every year and for the 1992–1993 school year was $26,491. From 1985 to present, Willbond has worked every school year from the third week in August until the last week in June with two weeks off in December for the winter break and one week off during the school's spring break.

It is disputed as to whether Willbond signed a three-year contract in 1990. However, it is undisputed that in February 1993, the board issued Willbond a one-year contract for the 1993–1994 school year, which she refused to sign.

## II. WRIT OF MANDAMUS

It is well settled that the issuance of a writ of mandamus rests, to a considerable extent, within the sound discretion of the court to which application for the writ is made. *State ex rel. Berry v. Wadsworth City School Dist.* (Nov.

24, 1993), Medina App. No. 2141, unreported at 2. In a mandamus action, the relator must show (1) that she has a clear legal right to the relief sought, (2) that the respondent has a clear legal duty to perform the act requested, and (3) that no other remedy exists at law to vindicate the relator's rights. *State ex rel. Mothers Against Drunk Drivers v. Gosser* (1985), 20 Ohio St.3d 30, 31–32, 20 OBR 279, 279–281, 485 N.E.2d 706, 708–709.

## III. *ISSUES OF THE CASE*

### A. *Amendment of the Complaint*

After originally being set for oral argument on summary judgment in December 1993, both parties were given extensions for additional discovery. Willbond, however, did not move for leave to file an amended complaint until the day before this court held oral argument in March 1994. Courts are given broad discretion in accepting or rejecting a motion to file amended pleadings. See *Hambleton v. R.G. Barry Corp.* (1984), 12 Ohio St.3d 179, 183, 12 OBR 246, 249, 465 N.E.2d 1298, 1302. Thus, we deny Willbond's motion for leave to file an amended complaint.

### B. *Issuance of a Three-year Contract*

Willbond asserts that R.C. 3319.02(C) requires that the board notify her of the nonrenewal of her previous contract and that its failure to do so resulted in an automatic renewal; therefore, she contends that she had a three-year contract with the board beginning with school year 1993–1994. Both Willbond and the respondents agree that R.C. 3319.02 controls any contract entered into between them because Willbond's position as Supervisor of Transportation is an "other administrator" position as defined by 3319.02(A). R.C. 3319.02(C) states, in pertinent part:

"The board of education shall execute a written contract of employment with each * * * other administrator it employs or reemploys. The term of such contract shall not exceed three years except that in the case of 'a person who has been employed by the school district as an * * * other administrator for three years or more, the term of his contract shall be for not more than five years and, *unless the superintendent of the district recommends otherwise,* not less than two years. *If the superintendent so recommends, the term of the contract of a person who has been employed by the school district as an * * * other administrator for three years or more may be one year,* but all subsequent contracts granted such person shall be for a term of not less than two years and not more than five years.

" * * * *

"An * * * other administrator is, at the expiration of his current term of employment, deemed reemployed at the same salary plus any increments that may be authorized by the board of education, unless he notifies the board in writing to the contrary on or before the first day of June, *or unless such board, on or before the last day of March of the year in which his contract of employment expires, either reemploys him for a succeeding term or gives him written notice of its intention not to reemploy him.* The term of reemployment of a person reemployed under this paragraph shall be one year, except that if such person has been employed by the school district as an * * * other administrator for three years or more, the term of reemployment shall be two years." (Emphasis added.)

In February 1993, upon the recommendation of the superintendent, the board issued Willbond a one-year contract. The first paragraph of the statute quoted above permits a one-year contract to be issued to an administrator who has been employed by the school district for three or more years. Willbond fits this category, as she had been employed by the school district as an administrator for more than three years.

Willbond contends that the board violated R.C. 3319.02(C) by not giving her written notice of its intention to nonrenew her three-year contract prior to offering her the one-year contract. The second paragraph of the statute quoted sets forth the automatic reemployment of an administrator if the board does not reemploy the administrator for a succeeding term and if the board does not give written notice of its intention not to reemploy the administrator. In this case, it is undisputed that the board, pursuant to the first paragraph of the statute quoted above, reemployed Willbond for a term of one year. Contrary to Willbond's assertion, R.C. 3319.02(C) does not require that the board nonrenew her three-year contract prior to issuing a one-year contract.

The board reemployed Willbond for a succeeding term of one year and was not required to give written notice of its intention not to renew her three-year contract; therefore, we deny Willbond a writ of mandamus for the renewal of her three-year contract.

### C. *Payment of SERS Pickup*

█ Willbond next asserts that pursuant to R.C. 3309.49, the board should have been paying her contribution to SERS. In Ohio, public school employees and school districts are each required to make contributions to the employee's retirement fund. R.C. 3309.47 and 3309.49. Thus, there is both an employee's contribution to the fund and an employer's contribution to the fund. As part of some administrator's compensation, some school districts pay part or all of the employee's contribution. This payment is known as a "pickup."

Willbond does not assert that the board was not paying its employer contribution, but rather that it did not "pick up" her contribution. R.C. 3309.49 mandates that an employer pay an employer's contribution. It does not mandate that an employer pay the employee's contribution. Further, Willbond does not cite, nor do we find, any other statute that would require a school board to "pick up" an administrator's retirement contribution. Thus, we deny Willbond a writ of mandamus for payment of "pickup" based on this argument.

Willbond also contends that her contract with the board required it to "pick up" her retirement contribution because her employment contract was similar to the treasurer's contract and the board picked up the treasurer's contribution. A writ of mandamus will not be issued if a plain and adequate remedy exists at law. Enforcement of contractual rights may be the subject of an appropriate civil action; therefore, Willbond is not entitled to a writ of mandamus based upon her contractual argument.

### D. Back Pay for Reduced Work Days and Vacation

Finally, Willbond asserts that the board owes her back pay because R.C. 3319.02(C) prohibits reduction in salary and compensation and in 1983, the board reduced the number of her work days from two hundred forty-five to two hundred nineteen and by 1985, the board eliminated all her vacation days. Respondents assert that Willbond's salary increased each year; therefore, her compensation was not reduced. Respondents also contend that Willbond's claim is barred by the doctrine of laches.[1]

"The elements of a laches defense are '(1) [unreasonable] delay or lapse of time in asserting a right, (2) absence of an excuse for such delay, (3) knowledge, actual or constructive, of the injury or wrong, and (4) prejudice to the other party.' " *State ex rel. N. Olmsted Fire Fighters Assn. v. N. Olmsted* (1992), 64 Ohio St.3d 530, 536–537, 597 N.E.2d 136, 142, quoting *Kennedy v. Cleveland* (1984), 16 Ohio App.3d 399, 403, 16 OBR 469, 472, 476 N.E.2d 683, 688. A court, in its discretion, may find laches in mandamus actions irrespective of whether a writ is barred by the statute of limitations. *Id.*, 64 Ohio St.3d at 537, 597 N.E.2d at 142.

Willbond's work days were last reduced in 1983 and her vacation days were last reduced in 1985. Willbond's salary increased every year that the board employed her and, although her vacation days were eliminated, she had more time off from work because of the reduction in the number of her work days. Willbond

---

1. Respondents also raise the issue of statute of limitations; however, we decide this case without deciding whether Willbond's claim is barred by the statute of limitations.

arguably benefitted from the new arrangement with the board. According to Willbond, her first attempt to rectify what she perceived as a wrong was in 1990, when she talked to the incoming superintendent. Willbond contends that her delay in bringing the mandamus action was because, after the 1990 discussion, the superintendent asked her to proceed internally with any complaint. Willbond, however, makes no attempt to justify why she did not act from 1985 until 1990 to bring her perceived discrepancy to the board's attention. Willbond knew of the claimed wrong since 1985, but has presented no evidence to justify her delay in bringing legal action. Accordingly, we hold that Willbond's eight-year delay in bringing legal action was unreasonable.

The last element of laches is material prejudice to the other party. The respondents presented evidence that Willbond's per diem increase in 1983 was twenty percent. If the board did not reduce the total number of the days worked by Willbond, that would have resulted in a total salary increase of twenty percent. However, because the total number of the days worked was reduced, her salary increase was 7.89 per cent. Every year since 1983, both Willbond's salary and per diem have increased. The respondents presented evidence that the school district was prejudiced by Willbond's waiting eight years to bring her claim because they have continued to grant salary and per diem increases based on Willbond's working two hundred nineteen days without any vacation.

Under the circumstances and character of this particular case, we find that summary judgment for respondents is warranted on the issue of laches, which precludes the issuance of a writ.

For the foregoing reasons, respondents are granted summary judgment.

*Summary judgment
for respondents.*

BAIRD, P.J., and DICKINSON, J., concur.