**WERDEN**

v.

**CITY OF MILFORD.**

Court of Common Pleas of Ohio,
Clermont County.

No. 98CV000028.

Decided March 6, 1998.

216

*Clayton D. Werden III, pro se.*

*Michael Minniear,* for defendant.

ROBERT P. RINGLAND, Judge.

This matter came before the court on plaintiff's petition for a writ of mandamus against the city of Milford. Evidence and argument were adduced, and the matter was taken under advisement.

On January 13, 1998, plaintiff filed a petition for writ of mandamus in this court. In his petition, he asked that the court compel the city of Milford to bring all its traffic control devices to the standards set out by the Ohio Manual of Uniform Traffic Control Devices ("OMUTCD"). He alleged that the city had a clear legal duty to conform to the OMUTCD in the erection, placement, maintenance, and replacement of all traffic control devices. He further alleged that he had a clear legal right for the relief requested, in that he was a licensed business person in Ohio doing business in Clermont County. Finally, he alleged that he had no adequate remedy at law.

Defendant was served and filed a motion to dismiss and to strike pleading. Defendant argued that plaintiff's petition was not signed, as required by Civ.R. 11. Defendant further argued that plaintiff's petition should be dismissed because plaintiff had adequate remedies at law, and that plaintiff's petition was actually a request for injunction.

Mandamus is a writ, issued in the name of the state to an inferior tribunal, commanding the performance of an act that the law specially enjoins as a duty resulting from an office, trust, or station. R.C. 2731.01. Before a writ of mandamus can be issued, the petitioner must show a clear legal right to the relief sought, that the respondent has a clear legal duty to perform the act, and that no other remedy exists at law. *State ex rel. Willbond v. Oberlin School Dist.* (1994), 94 Ohio App.3d 419, 640 N.E.2d 1179; *State ex rel. Williams v. Canton* (1977), 51 Ohio St.2d 81, 5 O.O.3d 50, 364 N.E.2d 1161. See, also, *Bowling Green State Univ. v. Williamson* (1988), 39 Ohio St.3d 141, 529 N.E.2d 1371. While the

burden is on the petitioner to show that the requirements for mandamus are met, the petitioner is not required to prove his case at the pleading stage, but need only give reasonable notice of his claim. *State ex rel. Harris v. Toledo* (1995), 74 Ohio St.3d 36, 656 N.E.2d 334.

The procedure for issuing writs of mandamus is governed by the Civil Rules. *State ex rel. Millington v. Weir* (1978), 60 Ohio App.2d 348, 14 O.O.3d 310, 397 N.E.2d 770. See, also, *State ex rel. Morganthaler v. Crites* (1891), 48 Ohio St. 142, 26 N.E. 1052 (holding that mandamus pleadings should be the same as any other civil action). Once the petition has been filed, the court may elect to issue a peremptory writ or an alternative writ. When the right to require the performance of an act is clear, and it is apparent that no valid excuse can be given for not doing it, the court should allow a peremptory writ of mandamus. R.C. 2731.06. In all other cases, the court must first issue an alternative writ of mandamus. *Id.* A peremptory writ orders the respondent to do the act required, while the alternative writ requires the respondent to do the act required or to show cause why the act is not performed. R.C. 2731.07.

In his complaint, plaintiff claims that he is entitled to relief because he is a licensed businessperson doing business in Ohio. Where the question is one of public right or enforcement of public duty, the people of the state are regarded as a real party in interest, and it is sufficient that the relator shows interest as a citizen or taxpayer. *State ex rel. Nimon v. Springdale* (1966), 6 Ohio St.2d 1, 35 O.O.2d 1, 215 N.E.2d 592; *State ex rel. Spencer v. E. Liverpool Planning Comm.* (1997), 80 Ohio St.3d 297, 685 N.E.2d 1251.

Plaintiff also argues that he has no adequate remedy at law. There are no enforcement procedures set out by which a municipality can be required to conform to OMUTCD. Therefore, the court can issue a writ of mandamus ordering a municipality to comply with traffic laws. *State ex rel. Ohio Motorists Assn. v. Masten* (1982), 8 Ohio App.3d 123, 127, 8 OBR 179, 182–183, 456 N.E.2d 567, 571–572.

Plaintiff further claims that defendant city has a legal duty to comply with the OMUTCD. This duty is clearly set out by statute. R.C. 4511.11. Plaintiff states that defendant has breached that duty by installing traffic signs too low, by not adequately maintaining traffic signs, by installing or allowing improper ten m.p.h. and fifteen m.p.h. signs, by having inadequate school speed limit signs, and by maintaining only one traffic light at certain intersections with no pedestrian signals.

Not all portions of the OMUTCD are mandatory. *Gregory v. Ohio Dept. of Transp.* (1995), 107 Ohio App.3d 30, 667 N.E.2d 1009. The verb "shall" is to be

considered mandatory when used in the OMUTCD, the verb "should" is merely advisory, and the verb "may" should be read as permissive. OMUTCD 1E.

The OMUTCD mandates that the clearance to the bottom of traffic signs shall be at least seven feet in business, commercial, and residential districts. OMUTCD 2E–4. Therefore, defendant has a clear legal duty to install traffic signs with at least seven feet of clearance. Defendant respondent acknowledges that low signs have been corrected since the filing, but a few remain uncorrected. On adequate maintenance, the OMUTCD states that "[t]o assure adequate maintenance, a suitable schedule for inspection, cleaning and replacement of signs should be established." OMUTCD 2F–1. This regulation is only advisory, and a writ cannot issue forcing defendant's compliance. Therefore, this court cannot order defendant to create a schedule for the inspection and cleaning of signs. Further, the OMUTCD requires that "[a]ll traffic signs should be kept in proper position, clean and legible at all times." Again, this section is advisory, so a writ cannot issue for noncompliance.

Plaintiff further complains that defendant has posted speed limit signs of ten m.p.h. and fifteen m.p.h., which are below the speed allowed by law. Speed limits are addressed in R.C. 4511.21. While no lawful speed limit of ten m.p.h. is given, and the speed of fifteen m.p.h. is given as prima facie lawful only in alleyways, the statute allows local authorities to decrease the speed limit by requesting that the Director of Transportation declare a lower reasonable and safe prima facie speed. R.C. 4511.21(I)(1). No limitations on the director's power are given in the statute. Therefore, plaintiff has shown that defendant has a clear legal duty to remove the speed limit signs in question, unless defendant can show that the director has declared a lower prima facie safe speed limit at the location.

Plaintiff also complains about defendant's erection of school speed limit signs. He argues that defendant has failed to include a sign reading "During Restricted Hours" underneath the posted speed limit of twenty m.p.h. "In school zones where the 20 m.p.h. speed limit is to be applied, a school speed limit sign shall be erected at the limits of the school zone facing traffic entering the school zone. * * * The basic school speed limit sign assembly is made up of the school panel, the basic speed limit sign, and a supplementary panel bearing the legend 'During Restricted Hours.' " OMUTCD 5C–11. Since this is a mandatory provision, defendant has a legal duty to comply.

Finally, plaintiff states that defendant is required to have two signal faces for approaching traffic at an intersection. A minimum of two signal faces shall be provided at through intersections. OMUTCD 6B–12(a). Plaintiff also contends that pedestrian signals or detectors are required. The OMUTCD states, "When pedestrian signals are not warranted in conjunction with a traffic-actuated signal installation * * * but where occasional pedestrian movement exists and there is

inadequate opportunity to cross without undue delay, pedestrian detectors shall be installed." OMUTCD 6C–12. While this directive uses the verb "shall," the conditions upon its use are such as to make its application discretionary. Since determining whether this provision applies involves discretion, it is not suitable for a writ of mandamus.

Since plaintiff has shown that he has a legal right, the defendant city has a duty, and there is no adequate remedy at law, an alternative writ of mandamus will be issued, ordering that defendant place all traffic signs within its jurisdictions at least seven feet from the ground, that defendant remove the speed limit signs posting speed limits of ten m.p.h. and fifteen m.p.h., that defendant add the sign panel reading "During Restricted Hours" to all school speed limit signs, and that the defendant ensure that two traffic signal faces are present at all intersections, or that defendant come to this court on the date specified to show cause why these things are not done.

Defendant has not presented evidence showing that plaintiff's complaint should be dismissed. Defendant argues that plaintiff's complaint should be stricken because plaintiff did not sign the complaint. Civ.R. 11 provides that a party who is not represented by an attorney should sign every pleading. However, this rule is not mandatory, and dismissal under this rule is at the court's discretion. Civ.R. 11 ("If a document is not signed * * * it *may* be stricken as sham or false.").

Defendant argues that plaintiff's motive for filing this request for mandamus is recrimination against defendant for giving plaintiff a traffic citation. However, a plaintiff's motives in requesting a writ of mandamus are immaterial. The writ shall be issued if required by law.

Further, defendant contends that the court cannot issue an injunction requested in a writ of mandamus. It is true that a plaintiff cannot enjoin an action through the use of a writ of mandamus. *State ex rel. Lynch v. Cuyahoga Cty. Bd. of Elections* (1997), 80 Ohio St.3d 341, 686 N.E.2d 498; *State ex rel. Purdy v. Clermont Cty. Bd. of Elections* (1997), 77 Ohio St.3d 338, 673 N.E.2d 1351. In the case at bar, however, plaintiff meets the requirements for a writ of mandamus. Further, unlike the cases cited, this court has the jurisdiction to grant injunctive relief to a party.

There has been some evidence presented that the ten m.p.h. speed limit sign is placed on private property, through no action of defendant. However, there is a prohibition against private persons erecting traffic signs on private land adjacent to highways. R.C. 4511.16. This same statute gives local authorities the right to have such signs removed. *Id.* Since defendant has authority to

remove the sign, it cannot refuse to use such authority when ordered to do so by the court.

For the forgoing reasons, plaintiff's request for an alternative writ of mandamus is granted.

*Judgment accordingly.*