COLLEY

v.

OHIO DEPARTMENT OF REHABILITATION & CORRECTION.

2002-Ohio-1689.]

Court of Claims of Ohio.

No. 99–14858.

Decided Feb. 27, 2002.

Wesley M. Miller, Jr., for plaintiff.

Betty D. Montgomery, Attorney General, and Peggy W. Corn, Assistant Attorney General, for defendant.

RUSSELL LEACH, Judge.

{¶ 1} This is an action to recover legal expenses incurred by plaintiff in defense of an action brought against him in federal court under Section 1983, Title 42, U.S.Code. The issues in the case were bifurcated and a trial was held on the sole issue of liability.

{¶ 2} Plaintiff, Philip Colley, is a Corrections Officer ("CO") employed by defendant at Allen Correctional Institution ("ACI"). A federal suit was brought against plaintiff by Eduardo Torres, an inmate at ACI, alleging that plaintiff and various other COs violated Torres's Eighth Amendment rights by subjecting him to excessive force during an incident that occurred on January 27, 1995. At that time, plaintiff was a captain, and second-shift commander at ACI. As a result of Torres's complaint, plaintiff submitted a request to his employer seeking state-sponsored legal representation in the federal court case. Defendant, after an investigation, and with the advice of the state Attorney General's office, denied plaintiff's request. The federal case went to trial and a jury verdict was returned in plaintiff's favor. Thereafter, plaintiff filed the instant action pursuant to R.C. 109.364, which provides:

{¶ 3} "If the attorney general denies representation to an officer or employee who made a request for representation under section 109.361 * * * the officer or employee may, upon the termination of the action for which he requested the representation, commence an action in the court of claims against the employer * * * for the reasonable expenses incurred in providing his own defense.

{¶ 4} "If the court of claims finds that the officer or employee was entitled to have the attorney general represent and defend him under section 109.361 * * * the court shall enter judgment against the employer * * * in the amount of the reasonable expenses incurred by the officer or employee in providing his own defense and in bringing the action authorized by this section. * * *"

{¶ 5} As correctly noted in the parties' posttrial briefs, this is an area of law for which no judicial precedent or statutory guidance exists. However, both parties have presented logical and well-analyzed arguments as to what standard

they believe should be applied in determining whether a state employee was properly denied legal representation.

{¶ 6} Plaintiff relies on cases from other state courts holding that the results of the employee's trial are dispositive; that when a favorable verdict is obtained by the employee, the cost of the employee's private representation should be reimbursed by the state. Plaintiff argues that a jury in the federal action is the better judge of the matter because all of the evidence and witnesses are presented to it, whereas the attorney(s) who conduct the investigation pursuant to R.C. 109.362 have limited time and resources to render a decision.

{¶ 7} Defendant maintains that the jury verdict is not determinative in this case because the standard for determining liability in the federal action is not the same standard that should be applied in determining whether an employee is entitled to legal representation. Defendant also posits that the language utilized in R.C. 109.362 mirrors that of R.C. 2743.02(F) and 9.86, the statutes that govern immunity determinations, and compares this case to that type of determination.

{¶ 8} Both parties have also maintained that a threshold issue is whether plaintiff actually used excessive force against Torres. A great deal of time was spent relitigating that question during the trial before this court; specifically, whether plaintiff hit Torres in the face while Torres was restrained, a violation of Correction Rule 5120–9–01. That rule, also known as the "excessive force regulation," lists the six circumstances under which the use of force may legally be applied against an inmate. Only one of those circumstances could arguably be found to exist at the time of the incident with Torres. However, it is also clear that striking a restrained inmate in the face is not permissible under any circumstance. Plaintiff has denied that he hit Torres at all. The evidence on the issue was conflicting, both at the time of the occurrence and at the trial, and any determination of the matter would necessarily depend upon which witnesses were believed.

{¶ 9} Upon review of the evidence and arguments presented, this court makes the following determination.

{¶ 10} At the outset, this court is not convinced that it is required to determine plaintiff's culpability. To do so would amount to a retrial of the federal action in this court. The court does not read the statute so as to require such duplicative efforts; rather, the sole question before the court is whether defendant, as a result of its investigation, properly denied plaintiff legal representation.

{¶ 11} R.C. 109.361 provides:

{¶ 12} "Upon the receipt of a written request by any officer or employee, the attorney general, *except as provided in section 109.362* * * * shall represent and

defend the officer or employee in any civil action instituted against the officer or employee." (Emphasis added.)

{¶ 13}   R.C. 109.362 sets forth the following with regard to exceptions:

{¶ 14}   "Prior to undertaking any defense under section 109.361 * * * the attorney general shall conduct an investigation of the facts to determine whether the requirements of this section have been met.   *If the attorney general determines that * * * any * * * officer or employee was acting manifestly outside the scope of his employment or official responsibilities, with malicious purpose, in bad faith, or in a wanton or reckless manner, the attorney general shall not represent and defend the officer or employee.*   An initial determination to represent and defend the officer or employee does not prohibit a later determination that the requirements of this section have not been met." (Emphasis added.)

{¶ 15}   In contrast to either of the arguments submitted by the parties, the court analogizes its role under these statutes to the role it assumes in the numerous cases where it is called upon to review decisions of state agencies.   For example, trial courts are generally required to defer to the academic decisions of colleges and universities unless there has been such a substantial departure from the accepted academic norms so as to demonstrate that the committee or person responsible did not actually exercise professional judgment.   *Bleicher v. Univ. of Cincinnati College of Med.* (1992), 78 Ohio App.3d 302, 308, 604 N.E.2d 783. Similarly, this court must generally defer to an agency's interpretation of a rule that it is required to administer, absent a showing of abuse of discretion.   *State ex rel. Celebrezze v. Natl. Lime & Stone Co.* (1994), 68 Ohio St.3d 377, 627 N.E.2d 538; *Jones Metal Prod. Co. v. Walker* (1972), 29 Ohio St.2d 173, 58 O.O.2d 393, 281 N.E.2d 1.   The Ohio Supreme Court has held that a state agency's interpretation of its own rules is:

{¶ 16}   "[T]he product of administrative experience, appreciation of the complexities of the problem, realization of the statutory policies and responsible treatment of the facts.   It is the type of judgment which administrative agencies are best equipped to make and for which the administrative process is most appropriate.   See *Republic Aviation Corp. v. Natl. Labor Relations Bd.* (1945), 324 U.S. 793, 800 [65 S.Ct. 982, 89 L.Ed. 1372] * * *.   It is a judgment we should not disturb."   *Hamilton Cty. Bd. of Mental Retardation & Developmental Disabilities v. Professionals Guild of Ohio* (1989), 46 Ohio St.3d 147, 151, 545 N.E.2d 1260.

{¶ 17}   Finally, in cases involving the Ohio Department of Transportation ("ODOT"), certain regulations regarding highway construction and design are considered permissive, meaning that they are within the discretion and

engineering judgment of the agency. *Perkins v. Ohio Dept. of Transp.* (1989), 65 Ohio App.3d 487, 584 N.E.2d 794. The decision whether an act is discretionary determines the scope of the state's liability because the agency, in the *Perkins* example ODOT, is generally immune from liability for damages resulting from not performing a discretionary act. *Gregory v. Ohio Dept. of Transp.* (1995), 107 Ohio App.3d 30, 33-34, 667 N.E.2d 1009, citing *Winwood v. Dayton* (1988), 37 Ohio St.3d 282, 525 N.E.2d 808. More specifically, when the duty (standard of care) is not detailed in an ODOT guide or manual, the standard applied is that of a reasonable engineer using accepted practices at the time. *Lunar v. Ohio Dept. of Transp.* (1989), 61 Ohio App.3d 143, 147, 572 N.E.2d 208.

{¶ 18} Applying the logic of these cases, the court shall review the decision made by the Attorney General in this case.

{¶ 19} Assistant Attorney General Eric Holloway testified that he conducted the investigation of Torres's claims. The court finds that Holloway's testimony at trial was both credible and persuasive. He stated that he reviewed the files and interviewed witnesses before concluding that plaintiff's conduct was "at the very least, malicious." Of the witnesses that Holloway interviewed, he stated that CO Bassinger was the most credible. CO Bassinger testified in the instant case and the court also finds him to be a credible witness. Further, the court finds that Holloway reasonably relied upon Bassinger's interview in reaching his conclusion. In short, the court finds no persuasive evidence of a "substantial departure from the accepted [legal] norms" or that Holloway "did not actually exercise professional judgment." Similarly, there is no persuasive evidence of an "abuse of discretion" or a failure to act as a "reasonable [lawyer] using accepted practices at the time."

{¶ 20} The court specifically adopts the logic of *Hamilton Cty. Bd. of Mental Retardation & Developmental Disabilities v. Professionals Guild of Ohio,* supra, in concluding that the type of judgment made in this case is the type that administrative agencies are best equipped to make and for which the administrative process is most appropriate. The court also finds, as in *Perkins* and *Gregory,* that any grant or denial of legal representation is a permissive decision that should fall within the discretion and judgment of the agency. As such, the decision should be afforded due deference by this court. For these reasons, the court finds that defendant did not act unreasonably in making the decision to deny legal representation in this case.

{¶ 21} Although the court has found in favor of defendant, it is nevertheless compelled to address the remaining arguments. For example, the court does not agree with plaintiff's contention that the jury verdict in the federal case should be dispositive. While that may be true in certain cases, the verdict here

(Plaintiff's Exhibit 4) is ambiguous.[1] According to Jury Instruction No. 6 (Defendant's Exhibit B), plaintiff could not be held liable unless it was found by a preponderance of the evidence that he (1) used excessive and unnecessary force under the circumstances, (2) acted maliciously and sadistically for the purpose of causing harm, (3) acted under color of state law, and (4) caused harm to the inmate. The court agrees with defendant's argument that there is absolutely no evidence as to which of the four factors the jury found that Torres failed to prove. This court cannot determine from the jury verdict whether the jury found that none of the factors was proved or that some were and some were not. Consequently, at least in this case, the jury verdict cannot be construed as a determination that plaintiff was totally exonerated. The court concludes that the jury verdict is not the standard upon which to base its judgment.

{¶ 22} This court is equally unpersuaded by defendant's contention that the procedure for review of plaintiff's claim under R.C. 109.362 should mirror that which is used in determining whether a state employee is entitled to immunity under R.C. 2743.02(F) and 9.86.

{¶ 23} R.C. 2743.02(F) provides:

{¶ 24} "A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of his employment or official responsibilities, *or* that the officer, or employee acted with malicious purpose, in bad faith, *or* in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action." (Emphasis added.)

{¶ 25} R.C. 9.86 provides:

{¶ 26} "[N]o officer or employee [of the state] shall be liable in any civil action that arises under the law of this state for damages or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner."

{¶ 27} While language similar to the above is used in R.C. 109.362, the court cannot find that an immunity hearing is required in order to make the determination needed in this case. However, because so much effort has been

---

1. The verdict reads: "We the jury, on the issue joined, find in favor of the defendant, Phillip Colley, and against the plaintiff, Eduardo Torres."

expended on the issue, the court would comment that, if called upon to determine immunity, it would find that plaintiff was not entitled to such protection. In so finding, the court rejects the contention of plaintiff's counsel that the provisions of R.C. 2743.02(F) and 9.86 require a finding that plaintiff's actions were both manifestly outside the scope of his employment and made in bad faith, wantonly, recklessly, or maliciously.

{¶ 28} To the contrary, the court adopts defendant's analogy of the facts of this case to the facts stated in the immunity determination of *Elliott v. Ohio Dept. of Rehab. & Corr.* (1994), 92 Ohio App.3d 772, 637 N.E.2d 106. In *Elliott,* this court found that a state employee acting within the scope of his employment may nevertheless be denied immunity for having acted in a reckless manner. The case involved a CO who had struck an inmate in the head. The inmate had not resisted. While the court held that the use of force may be necessary "in furtherance of defendant's duty to maintain an inmate population through rules and regulations," it concluded that the CO had committed a battery within the scope of his employment and therefore denied immunity because the conduct was deemed to be "at the very least, reckless." Based upon that holding and the evidence and argument submitted herein, the court agrees with the finding by Assistant Attorney General Holloway that while plaintiff's conduct was within the scope of his employment, it was, "at the very least, malicious."

{¶ 29} In summary, the court makes no finding as to whether plaintiff used excessive force against Torres. The court does not find that an immunity hearing is required, but if called upon to make such a ruling would find that plaintiff is not entitled to immunity. The court does find that the standard to be used in cases such as this is whether the assistant attorney general who conducts the R.C. 109.362(A) investigation makes a good faith, professional judgment based on accepted legal practices. The court also finds that the decision made should be afforded due deference. For all the reasons previously stated, judgment is rendered in favor of defendant.

Judgment for defendant.

RUSSELL LEACH, J., retired, of the Franklin County Municipal Court, sitting by assignment.