OPINION
{¶ 1} Defendant-appellant, Lisa Barclay, appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, Bank One, National Association, as Trustee ("Bank One"), in a foreclosure action Bank One filed.
 {¶ 2} Bank One, as trustee, is the holder of a note and corresponding mortgage defendant executed. Bank One initiated this foreclosure action in the Franklin County Court of Common Pleas by complaint filed October 10, 2002. The complaint named as defendants Lisa Barclay and "JOHN DOE, Unknown Spouse, if any, of LISA BARCLAY." The complaint asserted that Bank One was the owner and holder of a note defendant signed with a sum due of $59,279.94, that the note was in default, and that Bank One was the holder of a mortgage deed securing payment of the note.
 {¶ 3} Defendant did not file any pleading explicitly styled as an answer to the complaint, but filed two responsive documents with the court. The first was a "Notice of Lis Pendens," filed January 14, 2003, indicating a bankruptcy case proceeding in the Federal District Court for the Southern District of Ohio affected the property in question; the second was entitled "Notice of Non-Waiver of Unalienable Rights and Notice of Criminal Activity," filed on January 24, 2003. The January 24 document contains a mixture of factual assertions, an incompletely developed argument, and often-vague accusations of anticipated unfair treatment of defendant by the trial court or past illegal conduct by Bank One or its counsel. It is in part framed as an affidavit of fact, and portions of it are subscribed by a notary signature. Nonetheless, in an effort to reach the merits of this matter, we will construe this inartfully drafted filing liberally in favor of defendant and give it its best effect as a responsive pleading to be considered in the case.
 {¶ 4} Bank One moved for summary judgment on June 26, 2003. The motion for summary judgment was supported with a copy of the note and mortgage, a payment history on the account, and an affidavit of an officer of Bank One's servicing agent for the account. The affidavit attested that the copies of the note and mortgage attached were true and accurate copies of the original instruments, that the account was in default, and that the attached payment record was accurate.
 {¶ 5} Defendant did not file a memorandum in opposition to summary judgment or any further pleadings in the trial court. The trial court granted summary judgment in favor of Bank One in a decision rendered July 31, 2003 and judgment entry dated August 4, 2003.
 {¶ 6} Defendant has timely appealed and assigns the following errors:
1. The Trial Court erred to the prejudice of Defendants-Appellants when it entered judgment for foreclosure and sale of the property for benefit of Plaintiff where there is a Lis Pendens in place by the Defendants requiring that the status quo of the property be maintained and not sold.
2. The Trial Court erred to the prejudice of Defendants-Appellants when it entered judgment for foreclosure for Plaintiff and the Plaintiff is not holder in due course of a claim against Defendants or the subject property, and one entitled to enforce an instrument.
3. The Trial Court erred to the prejudice of Defendants-Appellants when it entered judgment for foreclosure for Plaintiff without allegation and evidence of an economic injury from the supposed breach of contract.
4. The Trial Court erred to the prejudice of Defendants-Appellants when it entered judgment for foreclosure for Plaintiff while the Defendants were not subject to debt collection action by the Attorney-Debt Collector on behalf of the Plaintiff pursuant to the rights, privileges, and immunities enumerated in the Fair Debt Collection Practices Act-15 U.S.C. § 1692 et seq.
5. The Trial Court erred to the prejudice of Defendants-Appellants when it entered judgment for foreclosure to deprive Defendants of their property interest without affording them due process and equal protection of law and denied Defendants their rights, privileges, immunities under, not limited to, the U.S. Constitution.
6. Is the Trial Court judgment valid and enforceable by Plaintiff when the Named Primary Defendant Barclay was never served a signed pleading by its attorney as required by Ohio Rules of Civil Procedure-11, or other applicable law?
 {¶ 7} An appellate court's review of summary judgment is conducted under a de novo standard. Coventry Twp. v. Ecker
(1995), 101 Ohio App.3d 38, 41; Koos v. Cent. Ohio Cellular,Inc. (1994), 94 Ohio App.3d 579, 588. Summary judgment is proper only when the party moving for summary judgment demonstrates that (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56; Stateex rel. Grady v. State Emp. Relations Bd. (1997),78 Ohio St.3d 181.
 {¶ 8} Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. Id. Once the moving party discharges its initial burden, summary judgment is appropriate if the non-moving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue of fact exists for trial. Dresher, at 293; Vahila v. Hall (1997),77 Ohio St.3d 421, 430; Civ.R. 56(E).
 {¶ 9} Defendant presents a series of arguments in support of her contention that the trial court's judgment was in error, asserting that (1) the doctrine of lis pendens, based on a pending bankruptcy action potentially involving the subject property, should operate to bar acquisition of any interest in the property by another; (2) Bank One is not entitled to judgment because it has not demonstrated any economic injury from the default; (3) summary judgment, as a procedural form, is inherently violative of defendant's constitutional due process and equal protection rights; (4) Bank One is not the holder in due course of the note; (5) defendant was not properly served in the matter and thus the trial court lacks jurisdiction; and (6) the trial court was deprived of jurisdiction because Bank One's attorneys violated various provisions of the federal Fair Debt Collection Practices Act ("FDCPA").
 {¶ 10} The first three arguments set forth above are identical to those set forth in defendant's prior companion cases in which this court specifically rejected defendant's contentions. Accordingly, they again are found to be without merit in this decision without further discussion beyond reference to our prior decision in Bank of New York v. Barclay,
Franklin App. No. 03AP-844, 2004-Ohio-1217.
 {¶ 11} Turning to defendant's remaining arguments, we first address her contention that because Bank One has not demonstrated it is a holder in due course, as opposed to a mere holder, of the note in question, Bank One is precluded from enforcing the terms of the note and mortgage. The distinction between a holder and a holder in due course as defined by R.C. 1303.32 is principally relevant to an assertion of defenses or claims in recoupment. See, generally, All American Finance Co. v. Pugh Shows, Inc.
(1987), 30 Ohio St.3d 130, 131. Status as a holder, as opposed to a holder in due course, is not inherently a source of infirmity or limitation upon the right to collect under the terms of the instrument. The pleadings defendant filed in the trial court do not coherently articulate any pertinent defenses to which a holder in due course would not be subject but which would be effective against a holder. Nor do Bank One's complaint and motion for summary judgment set forth any grounds for recovery and judgment that are dependent upon holder in due course status. Bank One's status as a holder in due course was not relevant to Bank One's summary judgment motion as it was factually postured before the trial court, and defendant's arguments in this respect are without merit.
 {¶ 12} Defendant also contends the operation of certain provisions of the FDCPA deprived the trial court of jurisdiction. The provisions at issue are those concerning the requirement that a "debt collector," as defined under the FDCPA, provide "verification" of the amount and origin of the debt upon the debtor's demand for such, and that, until such verification is provided, the debt collector cease collection activities. Section 1692g(a), Title 15, U.S.Code. As we have previously noted in companion cases to this one, it is very much in question whether a bar on proceeding with "collection" would operate against litigation the creditor initiated, both because the FDCPA explicitly does not apply to actual creditors or bona fide assignees, and because certain language in United States Supreme Court cases interpreting the FDCPA seems to anticipate that a distinction must be made between ordinary debt collection lawsuits and other forms of debt collection activity. Bank ofNew York, supra, citing Huntington Natl. Bank v. Metzenbaum
(Nov. 12, 1998), Cuyahoga App. No. 73723 and Heintz v. Jenkins
(1995), 514 U.S. 291, 115 S.Ct. 1489.
 {¶ 13} Moreover, as in Bank of New York, defendant failed to explicitly and sufficiently raise this argument before the trial court and support it with evidence of requisite facts.Bank of New York concluded that, in order to invoke such an FDCPA argument, defendant was required to show (1) she was a "consumer" with respect to the debt at issue so that it fell within the application of the FDCPA, (2) defendant had made a written request pursuant to Section 1692g(b), Title 15, U.S. Code for verification of the debt, and (3) counsel for Bank One had failed to furnish such verification prior to filing the complaint.
 {¶ 14} Even under the most generous interpretation of defendant's filings, defendant once again has failed to establish that the debt in question falls within the province of the FDCPA, particularly because defendant did not furnish the trial court with an affidavit or other acceptable Civ.R. 56 materials to establish that the debt was "consumer debt" as defined in the FDCPA. Defendant therefore did not establish that FDCPA affected the trial court's jurisdiction, and defendant's FDCPA arguments thus are without merit.
 {¶ 15} Lastly, defendant asserts that she was not properly served with summons and a copy of the complaint, because counsel for Bank One did not sign the copy of the complaint served upon defendant. Civ.R. 11 provides in pertinent part as follows:
Every pleading, motion, or other document of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address, attorney registration number, telephone number, telefax number, if any, and business e-mail address, if any, shall be stated. * * * The signature of an attorney or pro se party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a document is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the document had not been served. * * *
 {¶ 16} The original complaint found in the trial court's record in this case contains the signature of counsel for Bank One. Defendant, however, has attached as an appendix to her appellate brief a copy of the complaint, which she asserts to be the copy served upon her at the commencement of this action. While it bears counsel's name and other information Civ.R. 11 requires, it lacks a signature on the signature line. Defendant thus asserts on appeal that the document should be stricken "as sham and false and the action proceed as though the document had not been served." In the context of this case, defendant's argument would mean that the action would not proceed at all, since the pleading at issue is the original complaint initiating the action.
 {¶ 17} Apart from the fact the document attached to defendant's appellate brief is not part of the record, we further note defendant has not brought to the attention of this court any authority specifically holding that where the original complaint filed with the court to initiate the action bears counsel's signature, an unsigned complaint copy attached to the summons served upon an adverse party is automatically a nullity or sham document. To the contrary, it is more reasonable to conclude that service upon the defendant of an otherwise complete copy of the complaint, lacking only counsel's signature, would substantially comply with the signature requirement of Civ.R. 11, as long as the original copy filed with the court bore a proper signature and thus attested the attorney's compliance with Civ.R. 11's requirements. Moreover, even if the failure to sign the copy served upon defendant does constitute grounds for finding a Civ.R. 11 violation, no reversible error occurred in the present case.
 {¶ 18} Firstly, Civ.R. 11 provides that if a document is not signed, it "may be stricken," and the action proceed as though the document had not been served. The relief for an alleged violation of Civ.R. 11 thus lies within the sound discretion of the trial court, and Civ.R. 11 does not mandate that the pleading be stricken. State ex rel. Fant v. Sykes (1987),29 Ohio St.3d 65; Werden v. Milford (1998), 91 Ohio Misc.2d 215; 1 Klein Darling, Civil Practice (1997), 676, Section 11-8.
 {¶ 19} Secondly, defendant does not assert in the present case that Bank One did not otherwise complete service according to the requirements of Civ.R. 4. Since defendant was able to respond to the complaint after being served with it, Bank One's efforts to serve defendant were "reasonably calculated to provide * * * notice of the pending action or provide * * * an opportunity to respond." CW Investment Co. v. Midwest Vending,Inc., Franklin App. No. 03AP-40, 2003-Ohio-4688, ¶ 15. The record thus does not reflect that the absence of a signature on the summons copy of the complaint prejudiced defendant in any way.
 {¶ 20} Thirdly, the record in this case is devoid of defendant's attempting to raise these Civ.R. 11 arguments before the trial court. In light of defendant's subsequent appearance and filing of pleadings in the court of common pleas, her failure to raise such issues before the trial court cannot be attributed to any lack of opportunity to do so. Her contentions under Civ.R. 11 therefore are deemed waived and may not be presented for the first time on appeal. Miller v. Wikel Mfg. Co., Inc. (1989),46 Ohio St.3d 76, 78.
 {¶ 21} In summary, defendant's arguments based on lack of jurisdiction due to application of the FDCPA, preclusion of judgment by operation of the doctrine of lis pendens, and lack of personal jurisdiction due to a failure of service, are all without merit. Defendant's arguments that the trial court erred in granting summary judgment, either because of the inherent unconstitutionality of the summary judgment process itself or the state of the evidence before the trial court, are also without merit.
 {¶ 22} Accordingly, defendant's six assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas granting summary judgment for Bank One is affirmed.
Judgment affirmed.
Petree and Brown, JJ., concur.