174

THE STATE, EX REL. CITY OF MANSFIELD, *v.* LOWREY, PRES. OF
COUNCIL ET AL.[*]

(No. 41541—Decided December 3, 1964.)

*Mr. Robert K. Rath,* city solicitor, for relator.
*Mr. Theodore Lutz* and *Mr. James V. Will,* for respondents.

MAYER, J. This opinion and entry shall be applicable to
the separate demurrers filed herein by each defendant since

[*]Affirmed by Court of Appeals, April 14, 1965.

they are similar in substance and upon the grounds enumerated. Relator, a municipal corporation, brings this action in mandamus under the provisions of Section 733.58, Revised Code. Respondents are the president and clerk, respectively, of the Council of the city of Mansfield.

Briefly, the petition alleges in substance that ten members compose the Council of the city of Mansfield and that under the provisions of Section 731.20, Revised Code, the president and clerk of council are required to authenticate and record ordinances, resolutions and bylaws after passage or adoption by council.

That on September 21, 1964, a duly called special meeting was held with all members and the president being present; that at said meeting Resolution No. 64-275, relating to the establishment of, and membership on, standing committees was duly given its first reading in full.

That on September 24, 1964, a duly called special meeting was held with all members and the president being present; that said resolution was given its second reading in full. Thereafter, motion was made and seconded that said resolution be engrossed and read a third time at the special meeting to be held on September 28, 1964. The President ordered roll call, resulting in six "Aye" votes and four "Nay." He declared the motion passed.

Relator further says that on September 28, 1964, a duly called special meeting was held with all members and said president being present; that said resolution, upon request, was given its third reading in full. Following motion for adoption, the president ordered a roll call. The result: six "Aye" votes, four "Nay."

Thereupon, the president ruled and declared that said resolution was defeated and failed adoption for lack of three-fourths vote.

Whereupon, the ruling of the president was appealed and seconded, but he then and there refused to recognize the appeal of his said refusal.

Respondents refuse to authenticate said resolution by signing the same as required by Section 731.20, Revised Code.

Relator alleges that no rules of council relate to the organization or membership of committees with the council and that

said resolution was passed by virtue of Section 731.17, Revised Code.

One of the grounds advanced by respondents is that the action was not instituted in accordance with Ohio law. It is styled: "State of Ohio, ex. rel. The City of Mansfield, a Municipal Corporation." An examination of authorities cited by respondents in their briefs reveals their soundness for the questions involved therein, but the proposition is quite different in the instant case. The petition herein was brought in the name of the state. Further it does not appear in the cited cases that the objection was to the fact plaintiff was a municipality rather than an individual.

Municipal corporations may under certain circumstances institute mandamus proceedings and, where a mandatory duty exists on the part of an officer under statute or ordinance, the solicitor shall make application to the court of competent jurisdiction. Such is properly commenced by the solicitor in the name, and on behalf, of the municipal corporation. See 35 Ohio Jurisprudence 2d, Mandamus, Section 137, p. 419. This court makes reference for further authority, as revealing the intent of the legislature, to those early statutes preceding the new ones appearing in the Revised Code of Ohio, Sections 4311, 4312 and 4313, General Code. These in turn became Sections 733.56, 733.57 and 733.58, Revised Code. These sections are enlightening in view of Section 1.24, Revised Code.

There is no misjoinder and defect of parties defendant as claimed. It is stated in *State, ex rel. Turner,* v. *Village of Bremen,* 116 Ohio St. 294, 297, that relator may join all officers ". . . having control of the legal machinery to effect that purpose, although they act by separate and successive steps." Also see 35 Ohio Jurisprudence 2d, 431, Mandamus, Section 144.

This court will grant that it would be improper to attempt judicially to control mere discretion. But, such is clearly not the case here. Section 731.20, Revised Code, expressly commands. The act becomes a matter of law, not discretion. It became the duty of the officers to act in accordance with the mandatory provision of the statute.

In cases in which no mode of voting is prescribed by law, any mode not expressly forbidden by law, which insures to each member the right to vote, and by which the will of the

majority can be fairly ascertained, may be adopted. State, ex rel. Atty. Genl., v. Anderson, 45 Ohio St. 196; State, ex rel. Shinnich, v. Green, 37 Ohio St. 227. Where the legislature has failed to designate the mode of organization of a council, or prescribe the necessary votes to elect, but simply requiring the members to organize by "electing" the court reasoned that by fair inference the term was used in its popular sense and the sense generally understood and that was a choosing by a plurality of votes. See Anderson case, supra.

The action of a council is by resolution or ordinance. Where the form of action is not specifically prescribed by statute, the adoption of a resolution is proper procedure for informal enactments disposing of a particular item of business. The proper procedure for enactment of a regulation of a general or permanent nature is passage of an ordinance.

Legislation of a "general or permanent nature" within the contemplation of the Ohio law must be fully and distinctly read on three different days, unless dispensed with by three-fourths vote of all members elected thereto. No sound reason exists why the required readings may not be made at special meetings, properly called, as well as at regular meetings.

It is not disputed in the instant case that said three meetings were legally authorized and a majority vote obtained at the meetings on the three separate days.

This court, after careful consideration, reaches the conclusion that the vote of only the majority was all that was needed and that the legislative proceedings pertaining to said Resolution respecting its adoption was in accordance with law.

It is ordered that the Demurrer filed herein by respondent Deming L. Lowrey, president of council, be, and the same hereby is overruled.

It is ordered that the Demurrer filed herein by respondent James A. Bollinger, clerk of council, be, and the same hereby is overruled.

Section 2731.04, Revised Code, gives a court authority, when relief is applied for by a writ of mandamus petition, to respond in three ways: (a) Allow the writ without notice; (b) Grant an order to do it or show cause why they did not do so by a given day and (c) The court may require notice of the petition to be given to the defendants before issuing the writ

and listen to evidence by the defendants at a scheduled hearing as to why the writ should not be granted.

Realizing the great public interest in this case, this Court conscientiously refused to grant the writ without affording defendants a full hearing. The court, at defendants' request, continued the original hearing so they could fully prepare to present evidence. At the scheduled hearng the City indicated it was prepared to proceed with evidence and the defendants, although requested in open court to present evidence, refused and indicated they would stand or fall on their respective demurrers.

To those in opposition to the issuance of this writ may I say there is, and always has been, one tremendous ruler of the human race, a ruler so great that no other despotism has been possible, and that ruler is that combination of the opinions of all, that leveling up of universal sense which is called public sentiment. That is the ever present regulator and police of humanity. But it behooves a man to take heed before he begins to run counter to it, whether he longs to proclaim a great principle or merely wants to rattle chains for the exquisite pleasure of hearing their beautiful and understandable attention gathering sound. I further observe that public opinion is a force which makes itself felt in every corner of the world and is most powerful in the communities most civilized.

Although I do not doubt defendants' sincerity in this instance, it is the opinion of this court that the respondents' position is incorrect in law, violates the desires of public sentiment in Mansfield and is contrary to public opinion that clearly dictates a desire for orderly government conducted by a legislative body governed by the will of the majority of said body and dedicated to an orderly conduct of the business of the largest business in Richland County, known as the City of Mansfield.

It is therefore, respectfully ordered, adjudged and decreed that a writ of mandamus be issued directing respondents Lowrey and Bollinger, respectively, to sign and authenticate Resolution No. 64-275, passed September 28, 1964, by a majority vote of all members elected to said council on or before Tuesday, December 8, 1964.

*Writ allowed.*