THE STATE, EX REL. WESTBROOK, APPELLANT, *v.*
OHIO CIVIL RIGHTS COMMISSION, APPELLEE.

[Cite as State, ex rel. Westbrook, *v.* Ohio Civil Rights Comm. (1985),
17 Ohio St. 3d 215.]

(No. 84-247—Decided June 5, 1985.)

*Harshman & Waldman* and *Martin S. Hume,* for appellant.
*Anthony J. Celebrezze, Jr.,* attorney general, and *Michael A. Esposito,*
for appellee.

*Per Curiam.* The issue presented in this case is whether a writ of mandamus should be issued directing the commission to make a probable cause determination.

A writ of mandamus is defined as "a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specifically enjoins as a duty * * *." R.C. 2731.01. In order for a writ of mandamus to issue, the relator must demonstrate the following: "(1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relator has no plain and adequate remedy in the ordinary course of the law." *State, ex rel. Harris,* v. *Rhodes* (1978), 54 Ohio St. 2d 41, 42 [8 O.O.3d 36]; *State, ex rel. Heller,* v. *Miller* (1980), 61 Ohio St. 2d 6 [15 O.O.3d 3], paragraph one of the syllabus; *State, ex rel. Westchester,* v. *Bacon* (1980), 61 Ohio St. 2d 42 [15 O.O.3d 53], paragraph one of the syllabus; *State, ex rel. Berger,* v. *McMonagle* (1983), 6 Ohio St. 3d 28, 29. The burden of proving these elements is on the relator. *State, ex rel. Webb,* v. *Bryan City School Dist. Bd. of Edn.* (1984), 10 Ohio St. 3d 27.

Relator's complaint in mandamus seeks to compel respondent to "determine whether it is probable that discriminatory practices have been engaged in by Relator's employer, to conduct an investigation of the charges, and to file a formal complaint against Relator's employer." Relator argues that R.C. 4112.05(B) imposes a duty on the commission to perform these acts. R.C. 4112.05(B) provides, in pertinent part, as follows:

"Whenever it is charged in writing and under oath by a person, referred to as the complainant, that any person, referred to as the respondent, has engaged or is engaging in unlawful discriminatory practices, * * * the commission may initiate a preliminary investigation. * * * If it [the commission] determines after such investigation that it is not probable that unlawful discriminatory practices have been or are being engaged in, it shall notify the complainant that it has so determined and that it will not issue a complaint in the matter. If it determines after such investigation that it is probable that unlawful discriminatory practices have been or are being engaged in, it shall endeavor to eliminate such practices by informal methods of conference, conciliation, and persuasion. * * * If, after such investigation and conference, the commission is satisfied that any unlawful discriminatory practice of the respondent will be eliminated, it may treat the complaint as conciliated, and entry of such disposition shall be made on the records of the commission. If the commission fails to effect the elimination of such unlawful discriminatory practices and to obtain voluntary compliance with Chapter 4112. of the Revised Code, * * * the commission shall issue and cause to be served upon any person or respondent a complaint stating the charges in that respect and containing a notice of hearing * * *."

In addition to these powers, R.C. 4112.04(A)(6) provides that the commission shall "[r]eceive, investigate, and pass upon written charges made under oath of practices prohibited by sections 4112.02 and 4112.021 of the Revised Code."

We would emphasize that R.C. 4112.05(B) states that the commission *may* initiate a preliminary investigation. Thus, the preliminary investigation is not mandatory. R.C. 4112.05(B) also provides actions that should be taken subsequent to this investigation. These additional requirements need be satisfied *only* if the preliminary investigation is initiated. If no preliminary investigation is held, then the additional requirements need not be met. Since the commission has discretion in determining whether an investigation must be made, there is no absolute duty to make a probable cause determination. Likewise, the commission has discretion in determining whether to issue a complaint after an investigation.

R.C. 4112.05(A) provides that "before instituting the formal hearing authorized by this section it shall attempt, by informal methods of persuasion and conciliation, to induce compliance with Chapter 4112. of the Revised Code." That is exactly what the commission did in the instant case. The commission determined that relator's employer had offered

relator employment that would accommodate relator's situation and that relator refused to accept this accommodation. Based on these findings, the commission notified relator that it had dismissed relator's complaint. These actions by the commission were sufficient to meet the requirement imposed by R.C. 4112.04(A)(6) that the commission "receive, investigate, and pass upon" written charges. The commission is granted rule-making and policy-making powers by R.C. 4112.04(A)(4) and (5). Since the commission specifically found that the accommodations offered by relator's employer satisfied the purposes of the Revised Code, we find that the commission's actions were a legitimate exercise of its powers.

In support of the argument that R.C. 4112.05(A) imposes a clear legal duty on the commission to perform an investigation, make a probable cause determination, and issue a complaint, relator draws our attention to 1978 Ohio Atty. Gen. Ops. No. 78-010, at 2-25. While that opinion recognizes that the commission has a duty to take some action on each complaint filed with the commission, the opinion recognizes that the commission has discretion in determining the type of investigation undertaken. As noted earlier, the commission acted in accordance with its statutory mandate and was under no duty to perform the actions requested by relator's complaint. Therefore, relator has failed to prove the first two requirements for the requested writ of mandamus.

Relator has also failed to prove the third requirement for a writ of mandamus because relator has the right of appeal which is an adequate remedy at law. R.C. 4112.06 provides, in pertinent part, as follows:

"Any complainant, * * * claiming to be aggrieved by a final order of the commission, including a refusal to issue a complaint, may obtain judicial review thereof, * * *."

Absent special circumstances, mandamus is not available to a relator who has a right of appeal. *State, ex rel. Cinnamon Lake Utility,* v. *Pub. Util. Comm.* (1975), 41 Ohio St. 2d 79 [70 O.O.2d 165]. Relator relies on *State, ex rel. Cody,* v. *Toner* (1983), 8 Ohio St. 3d 22, for his proposition that his right of appeal is not an adequate remedy at law. Although this court recognized in *State, ex rel. Cody,* v. *Toner* that a right of appeal does not necessarily bar the issuance of a writ of mandamus, this court also recognized that the right of appeal is an inadequate remedy at law only in special circumstances. *Id.* at 23. In the instant action, relator has presented no special circumstances that are as compelling as those presented by the indigent paternity defendant in *State, ex rel. Cody,* v. *Toner* who was seeking court-appointed counsel.

Relator argues that the exclusive grant of jurisdiction to the court of common pleas contained in R.C. 4112.06(F) operates to his detriment since it precludes a determination by the commission. This argument ignores this court's statement in *Superior Metal Products* v. *Adm. Bur. of Employment Services* (1975), 41 Ohio St. 2d 143, 146 [70 O.O.2d 263], that "the power to reverse and vacate decisions necessarily includes the power

to remand the cause to the decision maker." Likewise, relator's argument that this right to appeal is an inadequate remedy at law because the appeal process is cumbersome must be rejected. In *State, ex rel. Kronenberger-Fodor Co.,* v. *Parma* (1973), 34 Ohio St. 2d 222 [63 O.O.2d 362], this court held that "where a constitutional process of appeal has been legislatively provided, the sole fact that pursuing such process would encompass more delay and inconvenience than seeking a writ of mandamus is insufficient to prevent the process from constituting a plain and adequate remedy in the ordinary course of the law."

Accordingly, the judgment of the court of appeals that relator's complaint in mandamus be dismissed is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.