The STATE ex rel. AMERICAN LEGION POST 25, Appellant,

v.

OHIO CIVIL RIGHTS COMMISSION et al., Appellees.

[Cite as *State ex rel. Am. Legion Post 25 v. Ohio Civ. Rights Comm.*, 171 Ohio App.3d 476, 2006-Ohio-5509.]

Court of Appeals of Ohio,
Twelfth District, Fayette County.

No. CA2006–01–006.

Decided Oct. 23, 2006.

478

Kiger & Kiger Lawyers and James A. Kiger, for appellant.

Jim Petro, Attorney General, and Stephanie Bostos Demers and Lori A. Anthony, Assistant Attorneys General, for appellees.

POWELL, Presiding Judge.

{¶ 1} Relator-appellant, American Legion Post 25, appeals an order of the Fayette County Court of Common Pleas dismissing its action for mandamus, in which appellant sought to compel respondents-appellees, the Ohio Civil Rights Commission and Ohio Attorney General Jim Petro, to issue a subpoena on behalf of appellant.[1]

---

1. We have sua sponte removed this case from the accelerated calendar.

{¶ 2} On August 18, 2005, Carol Van Slyke ("complainant"), a former employee of appellant, filed a charge of discrimination with the Ohio Civil Rights Commission. Complainant alleged that she had been sexually harassed by appellant's executive director, Dale Butler, and terminated in retaliation for complaining about the harassment.

{¶ 3} The commission notified appellant of the charge in a letter, dated August 18, 2005. Appellant responded by filing a position statement with the commission on September 19, 2005, alleging that it had terminated complainant shortly after learning she had been previously convicted of a felony and that complainant had filed the discrimination charges as her own act of retaliation for being terminated.

{¶ 4} On September 19 and 23, 2005, appellant sent letters to the commission, requesting that it issue a subpoena in its name to Adult Parole Authority Officer David Porter. Appellant requested that Officer Porter provide it with all documents pertaining to complainant's sentence in Arizona, the transfer of her case to Ohio, and all documents pertaining to her parole or probation, including those related to any restrictions placed on her during her parole or probation and the dates and length of her supervision. Appellant also requested a subpoena requiring Officer Porter to meet with it to discuss his conversations with Dale Butler.

{¶ 5} The commission denied appellant's request to issue a subpoena to Officer Porter, advising appellant that the commission would not issue a subpoena on behalf of a party during the "investigative phase" of a discrimination charge, but only during the "hearing process." Thereafter, the commission did issue a subpoena to Officer Porter, but only as part of its investigation of complainant's charges—not on appellant's behalf. In response, Officer Porter provided the commission with information and statements that factored into the agency's decision-making process. When appellant learned of the existence of this information, appellant sought to obtain it from the commission, but the commission refused to share the information with appellant, relying on certain provisions in R.C. 4112.05(B).

{¶ 6} On October 27, 2005, the commission issued a decision, finding that it was "probable" that appellant had engaged in an unlawful discriminatory practice under R.C. 4112.02 when it terminated complainant's employment. The commission scheduled the matter for conciliation.

{¶ 7} On December 15, 2005, the commission issued a complaint and notice of hearing to appellant, after failing to resolve the matter through the informal methods of conference, conciliation, and persuasion. The complaint stated that "the Commission determined at its meeting on October 27, 2005, that it is probable that unlawful discriminatory practices have been or are being perpetrated by [appellant] in violation of [R.C.] 4112.02(A) and (I)."

{¶ 8} While these administrative proceedings were pending, appellant, on October 26, 2005, filed a complaint in the Fayette County Court of Common Pleas, seeking a peremptory writ of mandamus compelling the commission and Ohio Attorney General Jim Petro to prepare and issue a subpoena to Officer Porter as requested in the letters appellant sent to the commission on September 19 and 23, 2005.

{¶ 9} On November 23, 2005, the commission moved to dismiss appellant's complaint pursuant to Civ.R. 12(B)(6), arguing that appellant had no clear legal right to have the commission issue the requested subpoena, the commission had no clear legal duty to issue the subpoena, and appellant had an adequate remedy at law.

{¶ 10} On January 4, 2006, the trial court held a phone conference, permitting the parties to make any additional arguments they had regarding the case. Later that day, the trial court issued an entry ordering that appellant's complaint for a writ of mandamus be dismissed on the grounds that appellant had no clear legal right to the issuance of a subpoena during the commission's "investigatory phase," the commission had no clear legal duty to issue the subpoena, and appellant's "clear remedy lies in the ongoing administrative process, including full discovery rights in the current 'formal complaint' stage."

{¶ 11} Appellant now appeals the trial court's order dismissing its complaint for a writ of mandamus, raising the following assignment of error:

{¶ 12} "The trial court erred to the prejudice of appellant as a matter of law when it failed to issue a preemptory [sic] writ of mandamus to the Ohio Civil Rights Commission when the appellant alleged that it had no adequate remedy at law."

{¶ 13} Before addressing the issues raised in appellant's assignment of error, we need to discuss briefly the nature of the two proceedings involved in this case: (1) a discrimination claim brought pursuant to R.C. Chapter 4112 and (2) an application for a writ of mandamus brought pursuant to R.C. Chapter 2731.

{¶ 14} R.C. 4112.05(B)(1) provides that "[a]ny person may file a charge with the commission alleging that another person has engaged or is engaging in an unlawful discriminatory practice," including sexual harassment, see R.C. 4112.02(A), or retaliation for complaining about an unlawful discriminatory practice, see R.C. 4112.02(I). The person who files the charge is known as "the complainant," and the party against whom the charge is filed is known as "the respondent." See, generally, R.C. 4112.05(B).

{¶ 15} R.C. 2731.01 states that "[m]andamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an

office, trust, or station."  R.C. 2731.04 allows a person to petition for an application for the writ of mandamus "in the name of the state on the relation of the person applying."  The party that applies for a writ of mandamus is known as "the relator," while the party against whom the writ is sought is known as "the respondent."  See, generally, *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 715 N.E.2d 1062.

{¶ 16} We are concerned that the use of the term "respondent" may cause confusion in this case since appellant is "the respondent" for purposes of the discrimination claim, while the commission is "the respondent" for purposes of the mandamus action.  Therefore, when we use the term "respondent," we will be careful to specify which party to whom we are referring.  When we use the term "respondent" without specifically referring to either party, we will be using it simply as the term is used in R.C. Chapter 4112 or Ohio Adm.Code Chapters 4112–1 and 4112–3 or as the term is used in mandamus actions brought pursuant to R.C. Chapter 2731.  With that said, we now turn to the merits of appellant's assignment of error.

{¶ 17} Appellant argues that the trial court erred in failing to issue a peremptory writ of mandamus to the commission, compelling it to issue the requested subpoena.  Appellant's assignment of error and the commission's response to it raise a number of issues that we shall address in an order that facilitates our analysis.

{¶ 18} The first issue we must decide is whether the issues raised in this appeal are moot.  The commission argues that appellant's request for a writ of mandamus is now moot because appellant has been entitled to have the commission issue a subpoena on appellant's behalf since December 15, 2005, which was the day the commission issued a complaint against appellant.  Consequently, the commission argues that this matter was moot even before the trial court dismissed appellant's complaint.  We disagree with this argument.

{¶ 19} "In a mandamus action, a writ will be denied when a question presented by the relator becomes moot."  *State ex rel. The Plain Dealer v. Ohio Dept. of Ins.* (1997), 80 Ohio St.3d 513, 518, 687 N.E.2d 661.  A question becomes moot "[w]here, prior to the rendition of a final decision, an event occurs, without the fault of either party, which renders it impossible for the court to grant effectual relief in a case."  *Ohio Civ. Serv. Emp. Assn., AFSCME, Local 11, AFL–CIO, v. Ohio Dept. of Transp.* (1995), 104 Ohio App.3d 340, 343, 662 N.E.2d 44.  When the issues in a case become moot, the case should be dismissed.  Id.

{¶ 20} There is, however, a recognized exception to the mootness doctrine for cases that present issues that are capable of repetition but will continually evade review.  Id., citing *James A. Keller, Inc. v. Flaherty* (1991), 74 Ohio App.3d

788, 791, 600 N.E.2d 736. This case falls within that exception to the mootness doctrine.

{¶ 21} The commission asserts that it has no obligation under R.C. 4112.04(B)(3)(b) to issue a subpoena on respondent's behalf until the commission issues a complaint against a respondent, even though that section does not expressly impose such a limitation. Therefore, this issue is clearly "capable of repetition." *Flaherty,* 74 Ohio App.3d at 791, 600 N.E.2d 736.

{¶ 22} Furthermore, this case itself demonstrates that the issue "will continually evade review," id., if we accept the commission's argument that the matter has been rendered moot by its issuance of a complaint. By the time a hearing is held in the trial court on an R.C. Chapter 4112 respondent's application for a writ of mandamus, made pursuant to R.C. Chapter 2731, or by the time the respondent appeals a trial court's denial of such a writ, the commission will usually have decided whether to bring a complaint against the R.C. Chapter 4112 respondent. If the commission chooses *not* to bring a complaint against the respondent, the respondent will have no reason to challenge the commission's position on the issue, and there will be no opportunity for either a trial court or court of appeals to consider whether the commission has a right to deny a respondent's request for a subpoena until the commission issues a complaint against the respondent.

{¶ 23} However, if the commission *does* choose to bring a complaint against a respondent, as it has against appellant in this case, the commission will then be able to argue, as it has in this case, that the issue has been rendered moot since the respondent will then have full discovery rights, including the right to issue subpoenas, pursuant to Ohio Adm.Code 4112–3–12(A).[2] Once again, there will be no opportunity for either a trial court or court of appeals to consider whether the commission has a right to deny a respondent's request for a subpoena until the commission issues a complaint against the respondent.

{¶ 24} The potential unfairness of this situation stems from the fact that the commission is insisting that it has the right to issue subpoenas in furtherance of its preliminary investigation of a complainant's charge of discrimination, but is denying that same right to a respondent who has a charge brought against it, at least until the commission decides to bring a complaint against the respondent. However, this position appears to run counter to the plain language in R.C. 4112.04(B)(3)(b), which states that a respondent has the right, upon written application, to have the commission issue a subpoena in its name "to the same

---

2. Ohio Adm.Code 4112–3–12 states: "(A) Rights of discovery. After issuance of a complaint and receipt of the commission's file by the commission's attorney, the commission and respondent shall both enjoy the same rights of discovery as are provided for in division (B)(3) of section 4112.04 of the Revised Code, and in rules 26 through 37, 'Ohio Rules of Civil Procedure.'"

extent and subject to the same limitations as subpoenas issued by the commission."

{¶ 25} By not allowing a respondent to request that the commission issue a subpoena on the respondent's behalf until the commission brings a complaint against the respondent, the commission is placing respondents such as appellant at a distinct disadvantage, particularly during the conference, conciliation, and persuasion phase of the proceedings. As appellant noted in its brief:

{¶ 26} "[The commission] and Appellant repeatedly communicated about reaching a conciliation[;] however, Appellant's counsel informed [the commission] of the unethical nature of advising his client to settle when [the commission] had the upper hand because of its knowledge of the contents of [Officer] Porter's file. Appellant informed [the commission] that conciliation was meaningless because of the unequal playing field. [The commission] replied by continuing to run the statutory period of conciliation."

{¶ 27} After concluding that the informal methods of conference, conciliation, and persuasion were fruitless, the commission, on December 15, 2005, filed a complaint against appellant pursuant to R.C. 4112.05(B)(5). Having done so, the commission claims that the issue of whether the commission can deny a respondent's request for a subpoena, made pursuant to R.C. 4112.04(B)(3)(b), is now moot. However, for the aforementioned reasons, we conclude that this issue is not moot because it is capable of repetition but will continually evade review. See *Flaherty*, 74 Ohio App.3d at 791, 600 N.E.2d 736.

{¶ 28} In light of the foregoing, we conclude that the issue of whether the commission is entitled to deny a respondent's written application for a subpoena, pursuant to R.C. 4112.04(B)(3)(b), until it brings a complaint against the respondent, pursuant to R.C. 4112.05(B)(5), did not become moot after the commission filed a complaint against appellant in the administrative proceedings involving the discrimination claim.

■ {¶ 29} The second issue that we must address concerns appellant's argument that the trial court was required, pursuant to R.C. 2731.10, to issue a writ of mandamus when the commission failed to file an answer to its complaint seeking a writ of mandamus. We disagree with this argument.

■ {¶ 30} When relief is applied for by a writ of mandamus petition, a trial court may respond in three ways: (1) allow the writ without notice, (2) grant an order requiring that the respondent either perform the requested act or show cause why the act should not be performed, or (3) require that notice of the petition be given to the respondent and schedule a hearing on the matter. *State ex rel. Mansfield v. Lowrey* (C.P.1964), 3 Ohio Misc. 174, 177–178, 32 O.O.2d 481, 210 N.E.2d 751, citing R.C. 2731.04.

{¶ 31} "When the right to require the performance of an act is clear and it is apparent that no valid excuse can be given for not doing it, [the court should] allow a peremptory [writ of] mandamus. In all other cases, an alternative writ must first be issued on the allowance of the court, or a judge thereof." R.C. 2731.06.

{¶ 32} A peremptory writ orders the respondent to do the act required, while the alternative writ requires the respondent to do the act required or to show cause why the act is not, or should not, be performed. See *Werden v. Milford* (C.P.1998), 91 Ohio Misc.2d 215, 218, 698 N.E.2d 526.

{¶ 33} R.C. 2731.10, which is relied upon by appellant, provides:

{¶ 34} "If no answer is made to an alternative writ of mandamus, a peremptory mandamus must be allowed against the defendant."

{¶ 35} "R.C. 2731.10 establishes that the failure to answer an *alternative writ* is grounds for the court to issue the requested writ of mandamus." (Emphasis added.) *State ex rel. Papp v. Norton* (1993), 66 Ohio St.3d 162, 610 N.E.2d 979.

{¶ 36} In this case, the trial court did not issue either a peremptory writ of mandamus or an alternative writ of mandamus. Instead, the trial court followed the third option listed in R.C. 2731.04 and *Lowrey*, and required that notice of appellant's application for the writ of mandamus be given to the respondent in the action, who, in this instance, was the commission, and then scheduled the matter for hearing. See *Lowrey*, 3 Ohio Misc. at 177–178, 32 O.O.2d 481, 210 N.E.2d 751, citing R.C. 2731.04. Therefore, contrary to what appellant says, R.C. 2731.10 has no application to this case.

{¶ 37} The next issue we must address is whether the trial court was correct in dismissing appellant's mandamus action after finding that appellant failed to establish each of the elements necessary to prevail in its mandamus action.

{¶ 38} In order for a writ of mandamus to issue, the relator must demonstrate that (1) he has a clear legal right to the relief prayed for, (2) the respondent has a clear legal duty to perform the acts, and (3) the relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Westbrook v. Ohio Civ. Rights Comm.* (1985), 17 Ohio St.3d 215, 17 OBR 449, 478 N.E.2d 799. "The burden of proving these elements is on the relator." Id. Furthermore, all three of these elements must be met in order for the relator to prevail in the mandamus action. *State ex rel. McGrath v. Ohio Adult Parole Auth.*, Cuyahoga App. No. 82287, 2003-Ohio-1969, 2003 WL 1901344, ¶ 5.[3]

---

3. The Ohio Supreme Court has stated that "Civ.R. 12(B)(6) dismissals [of mandamus actions] may be based on 'merits' issues such as the availability of an adequate remedy in the ordinary

{¶ 39} In support of its argument that it has a clear legal right to have the commission issue the subpoena it requested and that the commission has a clear legal duty to issue it, appellant relies on R.C. 4112.04(B)(3)(b), which states:

{¶ 40} "Upon written application by a respondent, the commission shall issue subpoenas in its name to the same extent and subject to the same limitations as subpoenas issued by the commission."

{¶ 41} R.C. Chapter 4112 does not provide a formal definition of the term "respondent." However, R.C. 4112.04(A)(4) provides that "[t]he commission shall * * * [a]dopt, promulgate, amend, and rescind rules to effectuate the provisions of this chapter and the policies and practice of the commission in connection with this chapter." The Ohio Administrative Code defines the term "respondent," when used in R.C. Chapter 4112 and Ohio Adm.Code Chapters 4112–1 to 4112–3, as "a person against whom a charge has been filed, or with respect to whom an investigation has been initiated by the commission without a charge, or against whom a complaint has been issued." Ohio Adm.Code 4112–1–01(N).

{¶ 42} The definition of "respondent" in Ohio Adm.Code 4112–1–01(N) comports with the usage of that term in R.C. Chapter 4112. See, e.g., R.C. 4112.05(B)(5) ("If the commission fails to effect the elimination of an unlawful discriminatory practice by informal methods of conference, conciliation, and persuasion * * * the commission shall issue [a complaint] and cause [it] to be served upon any person, including *the respondent against whom a complainant has filed a charge.*") (Emphasis added.) Thus, appellant became a respondent for purposes of R.C. 4112.04(B)(3)(b) when complainant filed a charge of discrimination against it on August 18, 2005.

{¶ 43} Appellant asserts that the commission was obligated under R.C. 4112.04(B)(3)(b) to issue a subpoena in its name to Officer Porter when appellant filed a written application for one on September 19 and 23, 2005, even though the commission had not yet issued a complaint against appellant. We agree with this assertion.

{¶ 44} R.C. 4112.04(B)(3)(b) provides that "[u]pon written application by a respondent, the commission shall issue subpoenas in its name *to the same extent and subject to the same limitations as subpoenas issued by the commission.*"

course of law. The applicable Civ.R. 12(B)(6) standard is whether, after presuming the truth of all material factual allegations in the complaint and all reasonable inferences therefrom in [relator's] favor, it appears beyond doubt that [relator] can prove no set of facts warranting relief." *State ex rel. Hummel v. Sadler,* 96 Ohio St.3d 84, 2002-Ohio-3605, 771 N.E.2d 853, ¶ 20, citing *Taylor v. London* (2000), 88 Ohio St.3d 137, 139, 723 N.E.2d 1089, and *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.* (1995), 72 Ohio St.3d 106, 108, 647 N.E.2d 799.

(Emphasis added.) R.C. 4112.04(B)(3)(a) provides that "[t]he commission * * * may issue subpoenas to compel access to or the production of premises, records, documents, and other evidence or possible sources of evidence or the appearance of individuals * * * to the same extent and subject to the same limitations as would apply if the subpoenas * * * were issued or served in aid of a civil action in a court of common pleas."

{¶ 45} In this case, the commission issued a subpoena to Officer Porter for purposes of its preliminary investigation of complainant's charge, shortly after it had rejected appellant's request, pursuant to R.C. 4112.04(B)(3)(b), to have the commission issue a subpoena to Officer Porter on appellant's behalf. The commission was within in its rights to issue a subpoena to Officer Porter for purposes of its preliminary investigation of complainant's charge. See R.C. 4112.04(B)(3)(a). However, appellant was within its rights to ask the commission to issue a subpoena to Officer Porter on appellant's behalf, and the commission was obligated to issue that subpoena upon appellant's written application. See R.C. 4112.04(B)(3)(b). Consequently, we conclude that appellant had a clear legal right to have the commission issue a subpoena in its name to Officer Porter upon appellant's written application, and the commission had a clear legal duty to issue the subpoena.

{¶ 46} The commission argues that R.C. 4112.04(B)(3)(b) cannot be construed to provide parties like appellant with "a blank check entitling it to a subpoena at any time during the administrative process and conferring a duty upon the commission to issue a subpoena anytime one is requested." The commission asserts that parties such as appellant are entitled to have the commission issue a subpoena in its name *only after* it has issued a complaint against the party, pursuant to R.C. 4112.05(B)(5).

{¶ 47} In support of this assertion, the commission relies primarily on Ohio Adm.Code 4112–3–13(B), which, the commission asserts, was promulgated pursuant to the language in R.C. 4112.04(B)(3) authorizing the commission to "make rules as to the issuance of subpoenas by individual commissioners." Ohio Adm.Code 4112–3–13(B) states that "[s]ubpoenas shall be issued upon receipt of a written request from a respondent * * * which identifies the case caption and complaint number."

{¶ 48} The commission points out that at the time appellant requested a subpoena for Officer Porter, there was no complaint number in the case, since it had not yet filed a complaint against appellant. Consequently, the commission argues that a party such as appellant cannot seek a subpoena through Ohio Adm.Code 4112–3–13(B) "unless and until an administrative complaint is issued," and, therefore, that "a party is not entitled to a subpoena and the commission has

no duty to issue a subpoena until after a complaint has been issued." We disagree with this argument.

{¶ 49} Initially, it appears that the commission promulgated Ohio Adm. Code 4112-3-13(B) pursuant to the authority granted to it by R.C. 4112.04(A)(4), rather than by the aforementioned language in R.C. 4112.04(B)(3).[4] Nevertheless, an administrative rule issued pursuant to statutory authority "has the force of law" *only if* it is not unreasonable and does not conflict with a statute covering the same subject matter. *State ex rel. Celebrezze v. Natl. Lime & Stone Co.* (1994), 68 Ohio St.3d 377, 382, 627 N.E.2d 538.

{¶ 50} In this case, Ohio Adm.Code 4112-3-13(B), which requires that a respondent's written request for a subpoena identify the case caption and complaint number, conflicts with R.C. 4112.04(B)(3)(b), which grants respondents, such as appellant, the right to have the commission issue subpoenas, upon written application, "to the same extent and subject to the same limitations as subpoenas issued by the commission." Since the commission is entitled to issue subpoenas prior to filing a complaint against a respondent, see R.C.4112.04(B)(3)(a), then respondents are entitled to have the commission issue such subpoenas on their behalf. See R.C. 4112.04(B)(3)(b).

{¶ 51} As a result, Ohio Adm.Code 4112-3-13(B), at least in the context of this case, does not have the "force of law," *Natl. Lime & Stone Co.*, 68 Ohio St.3d at 382, 627 N.E.2d 538, and that provision of the Ohio Administrative Code cannot be used as a justification for ignoring appellant's rights under R.C. 4112.04(B)(3)(b).

{¶ 52} This same analysis applies to Ohio Adm.Code 4112-3-12(A), which provides that "[a]fter issuance of a complaint and receipt of the commission's file by the commission's attorney, the commission and respondent shall both enjoy the same rights of discovery as are provided for in division (B)(3) of section 4112.04 of the Revised Code, and in rules 26 through 37, 'Ohio Rules of Civil Procedure.'" This provision of the Administrative Code "has the force of law" *only if* it is not unreasonable and does not conflict with a statute covering the

---

4. The language in R.C. 4112.04(B)(3), authorizing the commission to "make rules as to the issuance of subpoenas by individual commissioners," appears to be the statutory authority upon which Ohio Adm.Code 4112-3-13(*A* ) is based, not 4112-3-13(*B* ). The key language in this part of R.C. 4112.04(B)(3) is "individual commissioners." Ohio Adm.Code 4112-3-13(A) contains rules regarding the issuance of subpoenas by *individual commissioners,* see id. ("A commissioner may issue a subpoena to"), whereas Ohio Adm.Code 4112-3-13(B) contains rules regarding the issuance of subpoenas by the commission, as a whole, upon a respondent's request. Thus, it appears that Ohio Adm.Code 4112-3-13(B) was promulgated pursuant to R.C. 4112.04(A)(4), not R.C. 4112.04(B)(3), as the commission contends.

same subject matter. *Natl. Lime & Stone Co.*, 68 Ohio St.3d at 382, 627 N.E.2d 538.

{¶ 53} In this case, Ohio Adm.Code 4112–3–12(A) conflicts with R.C. 4112.04(B)(3)(b) since the latter provision grants respondents the right, upon written application, to have the commission issue subpoenas on the respondents' behalf, "to the same extent and subject to the same limitations as subpoenas issued by the commission," whereas Ohio Adm.Code 4112–3–12(A) indicates that respondents like appellant will not "enjoy the same rights of discovery as are provided" in R.C. 4112.04(B)(3), and in Civ.R. 26 through 37, until *after* a complaint is issued and the commission's attorney receives the commission's file. Because these limitations are not contained in R.C. 4112.04(B)(3)(b), Ohio Adm. Code 4112–3–12(A), at least in the context of this case, does not have the force of law, see *Natl. Lime & Stone Co.*, 68 Ohio St.3d at 382, 627 N.E.2d 538, and that provision of the Administrative Code cannot be used as a justification for ignoring appellant's rights under R.C. 4112.04(B)(3)(b).

{¶ 54} The commission argues that appellant is still not entitled to a writ of mandamus because appellant has or had several adequate remedies at law that it has chosen not to pursue. We disagree with this argument.

{¶ 55} "Mandamus will not issue if there is a plain and adequate remedy in the ordinary course of law." *State ex rel. United Auto., Aerospace & Agricultural Implement Workers of Am. v. Bur. of Workers' Comp.*, 108 Ohio St.3d 432, 2006-Ohio-1327, 844 N.E.2d 335, ¶ 54, citing *State ex rel. Ross v. State*, 102 Ohio St.3d 73, 2004-Ohio-1827, 806 N.E.2d 553, ¶ 5, and R.C. 2731.05. " 'The alternative must be complete, beneficial, and speedy in order to constitute an adequate remedy at law.' " *State ex rel. United Auto.*, at ¶ 54, quoting *State ex rel. Ullmann v. Hayes*, 103 Ohio St.3d 405, 2004-Ohio-5469, 816 N.E.2d 245, ¶ 8.

{¶ 56} The commission argues that "[t]he most obvious and complete remedy is [a]ppellant's current entitlement to a subpoena after the [c]ommission issued its [complaint on December 15, 2005]," adding that "[a]ppellant can [now] avail itself of all the tools of discovery pursuant to [Ohio Adm.Code] 4112–3–12." The commission also argues that appellant could have requested the commission to reconsider its probable-cause determination in the case and that appellant "still has the opportunity to resolve the underlying claim through conciliation or settlement and will continue to have this opportunity until the administrative hearing commences."

{¶ 57} However, none of the alternative remedies proposed by the commission provide appellant with a complete or adequate remedy. As we have stated, when complainant filed a discrimination charge against appellant, appellant became a "respondent" for purposes of R.C. 4112.04(B)(3)(b), and thus became entitled to

have the commission issue a subpoena on appellant's behalf to the same extent and subject to the same limitations as subpoenas issued by the commission. The purpose behind R.C. 4112.04(B)(3)(b) is to place respondents on an equal footing with the commission once a charge of discrimination has been filed against the respondent.

{¶ 58} All of the alternative remedies proposed by the commission fail to place appellant on an equal footing with it, as required by R.C. 4112.04(B)(3)(b). Instead, those proposed remedies merely ratify the commission's position that respondents such as appellant are not entitled to have the commission issue a subpoena on the respondent's behalf until the commission chooses to file a complaint against the respondent. However, that position is contrary to the plain language in R.C. 4112.04(B)(3)(b).

{¶ 59} By giving respondents the right to have the commission issue subpoenas on their behalf to the same extent and subject to the same limitations as subpoenas issued by the commission, R.C. 4112.04(B)(3)(b) allows a respondent to request a subpoena before a complaint has been brought against it. Additionally, it allows respondents to have the commission issue subpoenas on their behalf before the conciliation phase of the proceedings begins, thereby placing them on an equal footing with the commission during that phase of the proceedings. The commission's proposed alternative remedies do not offer respondents the same advantage, but, instead, force them to accept the commission's unwillingness to comply with its duties under R.C. 4112.04(B)(3)(b).

{¶ 60} Under these circumstances, we conclude that appellant does not have an adequate remedy at law. Because (1) appellant had a clear legal right to have the commission issue a subpoena on appellant's behalf, (2) the commission had a clear legal duty to issue the subpoena, and (3) appellant does not have an adequate remedy in the ordinary course of the law, we conclude that the trial court erred in dismissing appellant's mandamus action pursuant to Civ.R. 12(B)(6).

{¶ 61} We also conclude that by refusing to issue the subpoena requested by appellant, the commission failed to engage in a "completed attempt" to eliminate unlawful discriminatory practices by conference, conciliation or persuasion before issuing a complaint against appellant, thereby divesting itself of jurisdiction to issue such a complaint against appellant.

{¶ 62} "Pursuant to R.C. 4112.05(B), a completed and unsuccessful attempt by the Ohio Civil Rights Commission to eliminate unlawful discriminatory practices by conference, conciliation or persuasion is a jurisdictional prerequisite to the issuance of a complaint by the commission." *State ex rel. Republic Steel Corp. v.*

*Ohio Civ. Rights Comm.* (1975), 44 Ohio St.2d 178, 73 O.O.2d 478, 339 N.E.2d 658, syllabus.

{¶ 63} Appellant was entitled, pursuant to R.C. 4112.04(B)(3)(b), to have the commission issue a subpoena to Officer Porter on appellant's behalf, even before the commission filed a complaint against appellant, just as the commission, itself, was entitled to issue a subpoena to Officer Porter. See R.C. 4112.04(B)(3)(a). By having the commission issue a subpoena to Officer Porter, appellant may have learned information that could have proven useful to appellant during the conciliation phase of these proceedings.

{¶ 64} However, by refusing to issue the requested subpoena, the commission and appellant were not placed on an equal footing for purposes of the conciliation phase of the proceedings. Because the commission was able to subpoena Officer Porter, but appellant was not, the commission had an unfair advantage against appellant, contrary to R.C. 4112.04(B)(3)(b)'s explicit mandate requiring the commission, "upon written application by a respondent, * * * [to] issue subpoenas in its name to the same extent and subject to the same limitations as subpoenas issued by the commission." Id.

{¶ 65} Under these circumstances, we conclude that the commission failed to engage in "a completed * * * attempt * * * to eliminate unlawful discriminatory practices by conference, conciliation or persuasion," and, therefore, the commission lacked jurisdiction to issue a complaint against appellant. *Republic Steel Corp.*, 44 Ohio St.2d 178, 73 O.O.2d 478, 339 N.E.2d 658, at syllabus.

{¶ 66} The final issue we must address concerns the commission's request in its reply to appellant's brief that we dismiss Ohio Attorney General Jim Petro as a party to this action on the grounds that R.C. 4112.10 requires the attorney general of this state to act as counsel for the Ohio Civil Rights Commission, and that appellant, without citing any authority in support, "is essentially suing an attorney for an alleged violation by the client." While we are not unsympathetic to this argument, we conclude that it is not properly before us.

{¶ 67} App.R. 3(C)(1) states:

{¶ 68} "A person who intends to defend a judgment or order against an appeal taken by an appellant and *who also seeks to change the judgment or order* * * * shall file a notice of cross appeal within the time allowed by App.R. 4." (Emphasis added.)

{¶ 69} In its January 4, 2006 order dismissing appellant's mandamus action, the trial court expressly dismissed appellant's action against the commission, but failed to expressly dismiss appellant's action against the attorney general. While that may have been what the trial court intended, that is not what the trial court did. By requesting that this court dismiss the attorney general as a party to

appellant's mandamus action, the commission is tacitly acknowledging that the trial court failed to dismiss the attorney general as a party to appellant's mandamus action.

{¶ 70} Furthermore, by requesting that this court dismiss the attorney general as a party to appellant's mandamus action, the commission is essentially seeking "to change the * * * order" from which the appeal has been taken. App.R. 3(C)(1). Consequently, the commission needed to file a cross appeal in order to accomplish that objective. Id. Nevertheless, after this case is remanded, the commission and the attorney general will, again, be able to request that the attorney general be dismissed as a party to this action on the grounds set forth in their appellate brief.

{¶ 71} In light of the foregoing, appellant's assignment of error is sustained.

{¶ 72} The trial court's judgment is reversed, and this cause is remanded to the trial court for further proceedings consistent with this opinion.

Judgment accordingly.

WALSH and YOUNG, JJ., concur.