Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

Priscilla L. Hapner, Edward Erfurt III, Bruce A. Campbell, and A. Alysha Clous, for relator.

Philip B. Willette, pro se; and Mitchell, Allen, Catalano & Boda and William Mann, for respondent.

---

THE STATE EX REL. AMERICAN LEGION POST 25, APPELLEE,
*v.* OHIO CIVIL RIGHTS COMMISSION ET AL., APPELLANTS.

[Cite as *State ex rel. Am. Legion Post 25 v. Ohio Civ. Rights Comm.,* 117 Ohio St.3d 441, 2008-Ohio-1261.]

(No. 2006–2263—Submitted October 17, 2007—Decided March 26, 2008.)

442

LANZINGER, J.

{¶ 1} This discretionary appeal presents the question of whether R.C. 4112.04(B), the Ohio Civil Rights Commission's subpoena statute, creates a duty for the commission to issue subpoenas at the request of a party charged with a discriminatory practice at any stage of its administrative proceedings. We hold that the clear language of the statute mandates the commission to issue subpoenas at the party's request.

## I. Case Background

{¶ 2} Carol Van Slyke filed a complaint with the Ohio Civil Rights Commission against her former employer, the American Legion Post 25 ("the Legion"), claiming that its executive director had sexually harassed her. Van Slyke alleged that she was fired in retaliation for complaining about the harassment.

{¶ 3} When contacted by the commission, the Legion explained that it had fired Van Slyke shortly after receiving an anonymous letter that she was a felony offender.

{¶ 4} During the investigation, the Legion requested, by letter from its attorney, that a subpoena be issued on its behalf compelling Van Slyke's parole officer to meet with its representatives. In addition, the Legion requested that the parole officer provide all documents pertaining to Carol Van Slyke's sentence in Arizona, the transfer of her case to Ohio, and all documents pertaining to her parole or probation along with the dates and length of her supervision.

{¶ 5} The commission did not issue the subpoena as requested. The commission did, however, during the investigatory phase, issue a subpoena on its own behalf to the parole officer, who provided the commission with requested information. The Legion was not permitted to review that information. The commission issued a determination that it was probable that the Legion had engaged in an unlawful discriminatory practice under R.C. 4112.02 and scheduled the case for conciliation. Ultimately, after attempts at conciliation failed, the commission issued a complaint against the Legion.

{¶ 6} When the commission did not issue the requested subpoena, the Legion filed a complaint in the Fayette County Court of Common Pleas that sought a writ of mandamus to compel the commission to issue the requested subpoena to

the parole officer. The commission filed a motion to dismiss the complaint, arguing that the Legion had no clear legal right to the subpoena, the commission had no clear legal duty to issue the subpoena, and the Legion had an adequate remedy at law. The trial court granted the motion to dismiss and denied the writ.

{¶ 7} On appeal, the Twelfth District Court of Appeals reversed and held that the Legion was entitled to a writ of mandamus. The appellate court stated that the commission's argument that it had the right to issue a subpoena on its own behalf during an investigation, but not on the behalf of the party who had been charged with a discriminatory practice, ran counter to the plain language of R.C. 4112.04(B)(3)(b): "Upon written application by a respondent, the commission shall issue subpoenas in its name to the same extent and subject to the same limitations as subpoenas issued by the commission." Furthermore, the court held that by refusing to issue the subpoena requested by the Legion, the commission failed to engage in a "completed attempt" to eliminate the discriminatory practice by conference, conciliation, or persuasion before it issued a complaint and thus lost jurisdiction to issue the complaint against the Legion.

{¶ 8} We accepted this discretionary appeal on the commission's two propositions of law. The first deals with the interplay between the statute, R.C. 4112.04(B), and the administrative rules, Ohio Adm.Code 4112-3-12(A) and 4112-3-13(B), that authorize the commission to issue subpoenas. The commission asserts that the two are complementary and that it is authorized to issue a subpoena on the behalf of a party before it only after a formal complaint has been issued. The second proposition of law suggests that the commission properly engaged in conciliation and thereby retained jurisdiction over Van Slyke's claim of discriminatory conduct even though it did not issue the subpoena requested by the Legion.

## II. Analysis

{¶ 9} Before we discuss the merits of the commission's claims, it is important to review the steps involved when the commission receives a claim of discriminatory treatment. The process has three steps. Upon receipt of a complaint alleging discriminatory conduct, such as harassment, the commission is authorized to investigate the allegations. R.C. 4112.05(B)(2). In the first step, the preliminary investigation, the commission's function is to discover evidence to determine if it is probable that an unlawful discriminatory practice has occurred. Id. If the commission finds that it is probable that a discriminatory practice has occurred, then the second phase begins. R.C. 4112.05(B)(4). During this phase, the commission must try to eliminate the discriminatory practice through "informal methods of conference, conciliation, and persuasion." R.C. 4112.05(B)(4). Both the preliminary investigation and attempts at conciliation must be complet-

ed within a specified time frame. R.C. 4112.05(B)(3)(a) and 4112.05(B)(7). If attempts at conciliation fail, a formal complaint is entered, with notice of the allegations and an opportunity for a hearing for the party charged with the civil-rights violation. R.C. 4112.05(B)(5). During this third and final phase, the attorney general represents the commission and prosecutes the charge of discrimination. R.C. 4112.05(B)(5) through (7).

## A. The Right to Mandamus

{¶ 10} We are asked to decide whether the commission is entitled to deny a respondent's written request for a subpoena when the request is made during the preliminary investigation. If the commission may deny such a request, the Legion was not entitled to a writ of mandamus compelling the issuance of a subpoena on its behalf during the preliminary investigation.

{¶ 11} A writ of mandamus is "a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty." R.C. 2731.01. For a writ of mandamus to issue, the relator must demonstrate " '(1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relator has no plain and adequate remedy in the ordinary course of the law.' " *State ex rel. Westbrook v. Ohio Civ. Rights Comm.* (1985), 17 Ohio St.3d 215, 215, 17 OBR 449, 478 N.E.2d 799, quoting *State ex rel. Harris v. Rhodes* (1978), 54 Ohio St.2d 41, 42, 8 O.O.3d 36, 374 N.E.2d 641.

{¶ 12} The Legion argues that R.C. 4112.04(B)(3)(b) confers on it a clear legal right to request that the commission issue a subpoena during the preliminary investigation. R.C. 4112.04(B)(3)(b) provides that "[u]pon written application by a respondent, the commission shall issue subpoenas in its name to the same extent and subject to the same limitations as subpoenas issued by the commission." The Legion contends that the subpoena must be issued because the plain language of the statute places the commission and a party before it on equal footing when it comes to subpoena power.

{¶ 13} The commission responds that because the preliminary-investigation phase of the administrative proceedings is designed to determine whether it is probable that discrimination has taken place, not to prove a charge, it is not obligated to issue a subpoena on behalf of the party before it while the investigation is ongoing. The commission cites its own administrative rule, Ohio Adm.Code 4112–3–13(B),[1] which requires a respondent to include the "case

---

1. {¶ a} The full text of Ohio Adm.Code 4112–3–13(B) states:

 {¶ b} "Issuance of subpoena at the request of respondent. Subpoenas shall be issued upon receipt of a written request from a respondent or respondent's representative which identifies the case caption and complaint number and contains the name and address of the person to be served.

caption and complaint number" in all requests for a subpoena. Because there is no complaint number assigned until the investigation and conciliation phases have ended, the commission contends that its rule does not permit a party before the commission to ask for a subpoena until a formal complaint has issued.

{¶ 14} Administrative rules are designed to accomplish the ends sought by the legislation enacted by the General Assembly. *Carroll v. Dept. of Adm. Servs.*, 10 Ohio App.3d 108, 110, 10 OBR 132, 460 N.E.2d 704. Therefore, "[r]ules promulgated by administrative agencies are valid and enforceable unless unreasonable or in conflict with statutory enactments covering the same subject matter." *State ex rel. Curry v. Indus. Comm.* (1979), 58 Ohio St.2d 268, 269, 12 O.O.3d 271, 389 N.E.2d 1126. The commission is authorized to adopt rules to implement the provisions of R.C. Chapter 4112. However, an administrative rule may not add to or subtract from a legislative enactment. *Cent. Ohio Joint Vocational School Dist. Bd. of Edn. v. Ohio Bur. of Emp. Servs.* (1986), 21 Ohio St.3d 5, 10, 21 OBR 269, 487 N.E.2d 288. If it does, the rule clearly conflicts with the statute, and the rule is invalid. Id.

{¶ 15} In this case, the administrative rule adds to the legislative enactment by requiring a party before the commission to wait for the complaint phase of the proceedings before it can request that a subpoena be issued. The rule's limitation on the timing of requesting a subpoena, which makes a *party before the commission* wait until an investigation has ended, conciliation has stalled, and a formal complaint has been issued, is the extra step that conflicts with the statute, which expressly allows for subpoenas to be issued on behalf of a party before the commission "to the same extent and subject to the same limitations" as those issued on behalf of the commission. The rule improperly adds to the statute, thus creating a clear conflict, and must fail.

{¶ 16} The Legion thus had a clear legal right to request that the commission issue a subpoena during the preliminary investigation. The first requirement for granting a writ of mandamus has been met.

{¶ 17} Because the commission is entitled to issue subpoenas on its own behalf during the preliminary investigation of a party, that party is also entitled to have the commission issue subpoenas on its behalf during the investigation. R.C. 4112.04 requires the commission to issue subpoenas in a party's name "to the same extent and subject to the same limitations" as those issued in the commission's name. No limitation on when the subpoena should be issued appears in the

---

Subpoena requests for the production of documents must specify the documents to be produced. Subpoenas issued at the request of a respondent shall contain the name and address of the respondent and shall state that they were issued at the respondent's request. Subpoenas issued on behalf of a respondent shall be sent to the respondent and served by the respondent, consistent with the 'Ohio Rules of Civil Procedure.' "

statute. Furthermore, R.C. 4112.04(B)(3)(b) clearly imposes this duty upon the commission, as is apparent from the phrase "the commission *shall* issue subpoenas." (Emphasis added.) Use of the word "shall" defeats the commission's argument that it may deny a party the right to obtain a subpoena until a later time. Accordingly, the commission has a clear legal duty to issue a subpoena upon the request of a party being investigated. The second requirement for granting a writ of mandamus has been met.

{¶ 18} The third requirement for granting a writ of mandamus, no plain and adequate remedy in the ordinary course of law, has also been met. The Legion argues that because a substantial portion of the commission's case is gathered during the preliminary investigation and conciliation, any delay until the investigation has concluded, or until it may request reconsideration of a probable cause determination, makes the remedy inadequate. "[M]andamus is not appropriate if there is a plain and adequate remedy in the ordinary course of law." *State ex rel. Beane v. Dayton,* 112 Ohio St.3d 553, 2007-Ohio-811, 862 N.E.2d 97, ¶ 31; see R.C. 2731.05. To be adequate, the alternate remedy must be complete, beneficial, and speedy. *State ex rel. Dreamer v. Mason,* 115 Ohio St.3d 190, 2007-Ohio-4789, 874 N.E.2d 510, ¶ 13.

{¶ 19} The question is whether the remedy is adequate under the circumstances. *State ex rel. Butler v. Demis* (1981), 66 Ohio St.2d 123, 124, 20 O.O.3d 121, 420 N.E.2d 116. But see *State ex rel. Toledo Metro Fed. Credit Union v. Ohio Civ. Rights Comm.* (1997), 78 Ohio St.3d 529, 678 N.E.2d 1396.

{¶ 20} The commission's proposed remedies would have the Legion request reconsideration of the probable cause determination or have the Legion resolve the underlying claim through conciliation or settlement. But these avenues do not provide the Legion with a complete or adequate remedy. Here, a third party possesses the information, and the statute expressly gives the respondent the right to obtain information from a third party at the same time as the commission does. The Legion has the right to have the commission issue subpoenas to obtain information in possession of a third party *before* the conciliation phase begins. Under these unique circumstances, we conclude that the Legion does not have an adequate remedy at law.

## B. Conciliation

{¶ 21} The second proposition of law relates to whether the commission properly engaged in conciliation under R.C. 4112.05(B)(4), after it had refused to issue the subpoena requested by the Legion. The court of appeals held that the "commission failed to engage in 'a completed * * * attempt * * * to eliminate unlawful discriminatory practices by conference, conciliation or persuasion,' and, therefore, the commission lacked jurisdiction to issue a complaint against appellant." 171 Ohio App.3d 476, 2006-Ohio-5509, 871 N.E.2d 1198, ¶ 65, quoting *State*

*ex rel. Republic Steel Corp. v. Ohio Civ. Rights Comm.* (1975), 44 Ohio St.2d 178, 73 O.O.2d 478, 339 N.E.2d 658, syllabus.

{¶ 22} Because the two parties were not on equal footing during the conciliation phase, we cannot say whether the commission failed to engage in an attempt at conciliation. The Legion did not have the advantage of the information it sought to gather from a third party by subpoena, although the commission did have that information. Therefore, we cannot conclude, as did the appellate court, that the commission has lost jurisdiction.

### III. Conclusion

{¶ 23} R.C. 4112.04(B) creates a clear legal duty for the Ohio Civil Rights Commission to issue a subpoena at a party's request during a preliminary investigation of an administrative complaint. Furthermore, the administrative rule that authorizes issuance of a subpoena by the Ohio Civil Rights Commission only after a complaint is issued—Ohio Adm.Code 4112–3–13(B)—is invalid because it conflicts with R.C. 4112.04(B). Therefore, we affirm the granting of a writ of mandamus, and we remand this cause to the commission for proceedings consistent with this opinion.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, and CUPP, JJ., concur.

---

Kiger & Kiger Lawyers and James A. Kiger; and Mary E. King, for appellee.

Marc Dann, Attorney General, William P. Marshall, Solicitor General, Elise Porter, Deputy Solicitor, Michael Stokes, Assistant Solicitor, and Stephanie Bostos Demers and Lori Anthony, Assistant Attorneys General, for appellants.

Gittes & Schulte and Frederick M. Gittes; and Fortney & Klingshirn and Neil E. Klingshirn, urging reversal for amicus curiae, Ohio Employment Lawyers Association.